Craig v. Phipps.

John H. Craig vs. C. M. Phipps, Administrator.

This action is founded on an assignment of an officer's receipt by C. to W., and an undertaking therein that its amount should be paid to W., or that

Craig v. Phipps.

C. would be liable for it, no particular time of payment being specified. The receipt shows the officer was to collect and pay over, and if he failed to do this, then an obligation to pay arose on the part of C., but not until then ; for if there was a primary and original liability upon C. to pay, then the transaction was without meaning.

It was incumbent on the plaintiff below to have made out his case, by showing a breach of the guaranty, and he was not relieved from this obligation by reason of the fact that the issue might involve the necessity of proving a negative ; for in a warranty of soundness of a slave, or of a horse, the plaintiff, in order to recover, must show the negative of the warranty, that the subject was not sound. *Thrasher* v. *Ely*, 2 S. & M. 139, cited, confirmed and explained, but declared by the Court not applicable to this case.

On the trial in the Court below, the following charge was refused by the judge to be given the jury, on application of appellant's counsel: "That unless the plaintiff proved that the receipt had not been paid to him, he could not recover." This was error ; for the Court holds it incumbent on the party seeking to recover, to prove a breach of the guaranty before he can do so.

In error from the circuit court of La Fayette county ; Hon. Hugh R. Miller, judge.

Craig made an assignment of two officer's receipts to the intestate of defendant in error. The words of the guaranty are in both instances the same, namely, " I trade the above to David Walker for value received, and guaranty the payment of the same." Upon which defendant in error brought suit, and obtained judgment against Craig, who moved for a new trial, which was refused by the court below, and C. then prayed a writ of error.

*Barr & Cushman,* for plaintiff in error.

It is contended that this court ought to grant a new trial, and do what the court below ought to have done. *Reaves et al.* v. *Dennis,* 6 S. & M. 92.

There is no evidence to sustain the verdict of the court below ; for the holder must show, as in the case of an attorney's receipt, that the other party had received the money before he can recover. *Runnels* v. *Spencer,* Walk. R. 362.

No recovery can be had upon a warranty without proof that the warranty has been broken, as in the case where a party seeks to recover upon a warranty of the soundness of a horse

or a slave. *McLaren* v. *Watson*, 26 Wend. 425 ; 2 Hill, 139 ; 1 Wend. 457 ; 13 Ib. 543 ; 14 Ib. 231 ; 6 Cow. 624 ; 7 Johns. 332 ; 4 N. Y. Dig. 784 – 794.

*Howry & Hayes*, for defendant in error.

The presentation of the guaranty itself is *primâ facie* evidence of its non-payment. *Allen* v. *Rightmere*, 20 Johns. 365, note. For the interpretation of contracts indorsed on instruments, see Story's Prom. Notes, 599, 600.

They further rely upon the following authorities to sustain the correctness of the decision of the court below. *Taylor & Williams* v. *Ross*, 3 Yerg. 330 ; *Thrasher* v. *Ely*, 2 S. & M. 139 ; 3 Kent's Com. 123 ; 19 Wend. 557 ; N. Y. Dig. 1197, § 11.

Mr. Justice CLAYTON delivered the opinion of the court.

This is an action of assumpsit, brought upon the guaranty of two receipts given by constables for the collection of several claims ; which receipts were transferred by Craig to the intestate of the defendant in error. The words of the guaranty are in both instances the same. " I trade the above to David Walker for value received, and guaranty the payment of the same."

The first step is to ascertain the extent of Craig's liability upon this guaranty. It was an assignment of the receipt to Walker, and an undertaking that its amount should be paid to him, or that Craig would be liable for it. No particular time of payment was specified. The receipt shows that the officer was to collect and pay over. If he failed to do this, then an obligation to pay arose on the part of the defendant ; but not until then. The transaction itself shows this ; for if there was a primary and original liability upon the defendant to pay, then the transfer was without meaning.

In the case of *Thrasher* v. *Ely*, 2 S. & M. 139, the guaranty was in these words, " I do assign the within note to D. J. Ely, for value received, and guaranty the punctual payment of the same at maturity." This court held that no demand and notice were necessary to fix the liability of the defendant ; and that the words imported " a warranty of payment of the debt

Baker *v.* The State of Mississippi.

at maturity, and responsibility in case of the breach of that warranty." There the undertaking to pay at maturity was absolute; and the failure thus to pay was regarded as a breach. The point presented in argument was, that the defendant was not liable without demand and notice, thus endeavoring to put the matter on the footing of negotiable paper. It seemed to be conceded on all hands that the note had not been paid.

In this case there was no particular time fixed for performance. There is no place for the application of the doctrine in reference to negotiable paper, because at most the receipts of the officer were only assignable. The liability of the defendant could then only arise upon a breach of his undertaking, and that breach is an affirmative fact to be shown by the testimony.

On the trial, the court refused to charge the jury upon the application of the defendant, " That unless the plaintiff proved that the receipts had not been paid to him, he could not recover." This charge should have been given. It was incumbent upon him to make out his case, by showing a breach of the guaranty, and he was not relieved from this obligation by reason of the fact, that the issue might involve the necessity of proving a negative. On a warranty of soundness of a slave or of a horse, the plaintiff, in order to recover, must show the negative of the warranty, that the subject was not sound.

For this error the judgment must be reversed, and a new trial granted in the court below.

Judgment reversed.