## STATE ex rel. BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY, Relator, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT, Respondent.

(No. 2,154.)

(Submitted January 27, 1905. Decided February 6, 1905.)

*Costs—Order of Taxation—Validity—Certiorari—Appeal.*

Judgment—Amendment After Entry—Appealable Order.
1. An order amending a judgment already entered is a special order after final judgment, and therefore appealable under Code of Civil Procedure, section 1722, as amended by Act of 1899 (Session Laws 1899, p. 146).

Judgment—Appeal—Affirmance—District Courts—Reopening Case.
2. When, upon appeal to the supreme court, a judgment of the district court has been reviewed and affirmed, or a specific judgment ordered to be entered in the case, it becomes final, and the district court cannot then proceed to reopen the case and allow new issues to be framed to try rights already settled, or amend or modify the judgment of the supreme court so as to enlarge or narrow its scope.

*Certiorari*—When Proper Remedy—Order Taxing Costs—Appeal.
3. Code of Civil Procedure, as amended by Session Laws of 1899, page 146, authorizes an appeal from a special order after final judgment. After an affirmance of a judgment on appeal the trial court made an order allowing certain costs that had not been previously

allowed; the order, however, did not amend the judgment. *Held,* that *certiorari* was the proper remedy to review the order so made, it being merely an order taxing costs, not appealable, and no appeal being permissible from the judgment for the purpose of reviewing the order, since it was not included in the judgment already reviewed on appeal.

District Courts—Order Taxing Costs—Omission of Item—Remedy.

4. After an allowance by the district court for necessary costs and disbursements has been made to a party, and a particular item inadvertently or intentionally omitted from the judgment, the proper remedy is an application to the court at the time to have the omission corrected, or an appeal from the judgment to have the error thus committed reviewed, otherwise he becomes bound by the judgment.

District Courts—Order Taxing Costs—Omission of Items—Inadvertence —Appeal.

5. Where an order taxing costs in favor of plaintiff, included in a judgment for him, omitted certain items claimed by him, which judgment had been affirmed on appeal by defendant, the trial court had no authority, after affirmance, to make an order taxing such costs, though the failure to tax them originally was an oversight on the part of the court, since the Code of Civil Procedure, section 774, providing that the court may relieve a party from an order made through his mistake, inadvertence or excusable neglect, applies only to the mistake, inadvertence, surprise or excusable neglect of the party litigant and not of the court.

District Courts—Order—Inadvertence—Relief—When.

6. By the express provisions of Code of Civil Procedure, section 774, the trial court cannot relieve a party from an order entered against him by his inadvertence, etc., unless application is made within six months.

*Certiorari* by the state, on the relation of the Boston and Montana Consolidated Copper and Silver Mining Company, to review an order of the district court of the second judicial district for the county of Silver Bow taxing certain costs against relator in an action against it by the Montana Ore Purchasing Company. Order annulled.

*Messrs. Forbis & Evans,* for Relator.

*Mr. James M. Denny,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *certiorari* to annul an order taxing costs. On February 14, 1900, judgment was entered in the district court of Silver Bow county in favor of the plaintiff in a cause entitled *"Montana Ore Purchasing Company* v. *Boston and Montana Consolidated Copper and Silver Mining Com-*

*pany,"* the relator herein. The findings in the cause had theretofore, on December 28, 1899, been made and filed with the clerk. On January 2, 1900, the plaintiff, under the provisions of the statute (Code of Civil Proc., sec. 1867), had filed with the clerk its memorandum of costs and disbursements, and served a copy upon the defendant. Included in the memorandum were several items disbursed for maps used upon the hearing, and deemed necessary for that purpose. The total amount of these items was $5,184.57. On January 6th the defendant moved the court to tax the costs, making specific objections to the items, among others, charged for maps. On September 14, 1900, the court made an order taxing the costs. This order disallowed many other items, but made no reference to those charged for maps. They were all omitted from the list of items found to be proper expenses and disbursements. The amount allowed was ordered to be and was included in the judgment. Whether these items were omitted by oversight of the court or intentionally does not appear. The defendant thereupon appealed to this court from the judgment and an order denying a new trial. This court affirmed the action of the district court in the cause, except that it was directed to modify the judgment by disallowing many items of costs and in one other particular. (*Montana Ore Pur. Co.* v. *Boston and Montana Con. C. & S. Min. Co.,* 27 Mont. 288, 70 Pac. 1114, 27 Mont. 536, 71 Pac. 1005.) *Remittitur* issued from this court on April 4, 1903. Thereupon the plaintiff moved the district court to pass upon and decide the defendant's objections to these items of plaintiff's cost-bill filed on January 2, 1900, said items being designated as "costs of preparing maps used in trial of case and necessary to trial," and to enter an order allowing said costs to the plaintiff. This motion was based upon the memorandum originally filed, the defendant's objections thereto, and the evidence submitted on the hearing of the original motion to tax costs. After having had the motion under consideration, the court, on December 29, 1904, entered an order in the minutes allowing the items claimed to the amount of $2,119.95. In effect, the order amends and modifies the order

of September 14, 1900, but does not direct that the additional amount be included in the judgment, or that the judgment be modified or amended so as to include it.

It is difficult to determine what the intention of the court was in making the order. If it was the purpose to amend the judgment ordered to be entered by this court, and, presumably, so entered, the order does not say so, for it contains no provision to effectuate this purpose, and under its terms the clerk was not authorized to do anything with reference to the judgment. Had the order contained such a direction, a wholly different question would have been presented as to the remedy by which the relator could have it reviewed.

An order amending a judgment already entered is a special order after final judgment, and therefore appealable under section 1722 of the Code of Civil Procedure, as amended by Act of 1899 (Session Laws of 1899, p. 146). As it is, the order does not purport to do more than allow an additional amount for costs and disbursements; in other words, it is an order taxing costs. It is therefore not an appealable order (*Montana Ore Pur. Co.* v. *Boston and Montana Con. C. & S. Min. Co.,* 27 Mont. 288, 70 Pac. 1114; *Murray* v. *Northern Pacific Ry. Co.,* 26 Mont. 268, 67 Pac. 625); for, since costs are a part of, and must be included in, the judgment, the action of the court in allowing or disallowing them, or any particular item of them, is ordinarily reviewable only on appeal from the judgment. The present order, however, cannot be reviewed by this method, for the reason that the amount allowed by it has not been included in the judgment either by amendment or modification thereof, and for the further reason that the judgment has already been reviewed on appeal, and no appeal from it will now lie.

When, upon appeal to this court, a judgment of the district court has been reviewed and affirmed, or a specific judgment has been ordered to be entered in the case, the judgment becomes final in the sense that the litigation is over and the case ended. The lower court has no further power in the premises than to carry the judgment into execution under the mandate of this

court.   It cannot proceed to reopen the case, and allow new issues to be framed to try rights already settled, or amend or modify the judgment of this court so as to enlarge or narrow its scope.   (Freeman on Judgments, sec. 121; *Keller* v. *Lewis,* 56 Cal. 466; *Heinlen* v. *Beans,* 73 Cal. 240, 14 Pac. 855; *Soule* v. *Dawes,* 14 Cal. 248; *Gaines* v. *Rugg,* 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; *Ex parte Sibbald* v. *United States,* 12 Pet. 488, 9 L. Ed. 1167; *Washington & Georgetown R. Co.* v. *McDade,* 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235.)

On receiving the mandate from this court the district court must determine all questions of law or fact which necessarily arise in the proceedings to carry the judgment into execution under the specific directions given by this court.   The language contained in the mandate "that such further proceedings be had in said case as, according to right and justice and the laws of the state of Montana, ought to be had," has reference to such further proceedings as may be necessary in this regard, and does not grant or contemplate the exercise of any other jurisdiction in the case.   (*Ex parte Sibbald* v. *United States, supra; In re Washington & Georgetown R. Co.,* 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339.)

In *Re Washington & Georgetown R. Co., supra,* it was held that after the judgment of the inferior court had been affirmed on appeal it was then beyond the power of that court to amend or modify the judgment of the appellate court, and that, if such amendment were attempted, a writ of *mandamus* would lie from the appellate court to compel the execution of the judgment in the terms and according to its tenor as rendered by the appellate court.

As the district court could not amend or modify the judgment, so it was without power to take up again the order of September 14th, and, by amendment thereto or enlargement of its scope, adjudicate questions which should have been settled and determined at the time it was made.   If the plaintiff was not satisfied with the allowance made for its necessary costs and disbursements by the terms of that order, no matter whether the court omitted the items in question inadvertently or inten-

tionally, its remedy was to apply to the court at the time to have the omission corrected, or to appeal from the judgment, and have the error thus committed reviewed. Having submitted to the order made at that time adjusting costs, the plaintiff thereby became bound by the judgment, and could not, after it was affirmed by this court, have the case re-examined in any respect, even though the judgment were erroneous.

Counsel contend that the court had authority, under section 774 of the Code of Civil Procedure, to relieve the plaintiff by correcting an order made to its prejudice through inadvertence or mistake of the court. The section referred to provides for such relief only when the order or proceeding complained of was made or taken through the inadvertence, mistake, surprise or excusable neglect *of the party himself;* and even then the application must be made within six months.

From no point of view had the court the power to make any order in the premises. As an appeal does not lie from the order, the present application furnishes the only adequate remedy. It follows that the order must be annulled.

*Order annulled.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.