ISMAN, RESPONDENT, *v.* ALTENBRAND, APPELLANT.

(No. 2,880.)

(Submitted September 29, 1910.  Decided November 5, 1910.)

[111 Pac. 849.]

*Depositions—Stipulations—Guaranty—Burden of Proof—Evidence—Costs—Appeal—Harmless Error.*

Stipulations—Conformity to Stipulation.

1. The parties stipulated that the depositions of plaintiff and another should be taken before a certain notary, at his office, between the hours of 10 o'clock A. M. and 4 o'clock P. M. on January 30, 1909, and, if not completed on that day, might be continued from day to day thereafter and over Sundays at the same place until completed. The caption of the deposition taken recited that, pursuant to the stipulation, such witnesses appeared on January 30, 1909, and thereafter at the hearings adjourned from day to day at his office, etc., and the notary's certificate certified that the witnesses were duly sworn and the depositions were taken at the time and place named in the stipulation, to-wit, at the notary's office, and on January 30, 1909, between the hours of 10 A. M. and 12 M. on that day and thereafter at adjourned hearings, to-wit, on March 2, 1909, between the hours of 2 P. M. and 3 P. M., and on March 3, 1909, between the hours of 11 A. M. and 12 M. *Held,* that the depositions were taken in substantial compliance with the stipulation.

Appeal and Error—Harmless Error—Admission of Evidence.

2. In an action by the lessor on a guaranty of rent, there was no reversible error in permitting the lessor to testify that the lessee signed the lease, where the answer admitted that he rented the premises and defendant, in letters to lessor's agent, after the lessee's default, did not deny that the lessee was plaintiff's tenant or that defendant had guaranteed the rent, and a witness testified that defendant told him that the signature to the guaranty was the defendant's, and that defendant had seen the lessee sign the lease.

Same—Harmless Error—Exclusion of Evidence—Evidence Favorable to Complaining Party.

3. In an action on defendant's guaranty of rent, any error in not permitting that part of plaintiff's deposition to be read which stated that he himself was a lessee, and that the premises were unoccupied after his sublessee had abandoned them, despite his efforts to re-lease, was not prejudicial to defendant, such testimony being in plaintiff's favor.

Witnesses—Admission.

4. Anything a party said on or off the witness-stand is admissible in evidence against him, if relevant and material.

Evidence—Admission.

5. Evidence of defendant's admissions, at the first trial in an action on his guaranty of rent, that the rent was unpaid, had the same effect as such an admission in his pleading.

Guaranty—Actions—Burden of Proof.

6. The complaint, in an action on defendant's guaranty for the payment of rent, begun August 14, 1908, alleged that the rent had not been paid to plaintiff, and the answer, filed on December 10th, alleged that defendant had not sufficient knowledge or information upon which

to base a belief, and plaintiff's deposition, taken about March 3, 1909, and read in evidence on June 3d, stated that all of the rent remained unpaid. *Held,* that the burden was on defendant, at a second trial in which the same depositions were put in evidence, to show that the rent had been paid between the dates of the taking of plaintiff's deposition and the second trial.

Appeal and Error—Questions Reviewable.

7.　An order overruling a motion to tax costs was reviewable on appeal from the judgment, an order taxing costs not being appealable.

Same—Bill of Exceptions—Necessity.

8.　Error in overruling a motion to tax costs should be preserved by a bill of exceptions containing the proceedings on the motion, but may be reviewed where such proceedings are fully set out in a statement of the case.

Costs—Verified Memorandum—Effect.

9.　The verified memorandum of costs and disbursements prepared by the successful party is *prima facie* evidence that the amounts named therein were necessarily expended, placing the burden of overcoming such showing upon the other party.

Same—Costs of Witnesses—Immaterial Witnesses.

10.　In absence of bad faith by the successful party in introducing a witness, the fact that such witness' testimony was mostly incompetent will not prevent the taxation, as costs, of his mileage and *per diem.*

Same—Taking Depositions—Notary's Fees.

11.　In taxing costs, the amount of a notary's fee, for taking depositions in another state, will not be computed according to the statutes of Montana, but a sum which was reasonable under the circumstances at the place the depositions were taken will be allowed.

Same—Depositions.

12.　The cost of taking a party's deposition for himself is not taxable as costs against the other party.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

ACTION by Felix Isman against Henry Altenbrand, Jr. From a judgment for plaintiff and an order denying his motion for a new trial, defendant appeals. Modified and affirmed.

In behalf of Appellant there was a brief as well as oral argument by *Mr. Walter Aitken.*

The deposition of the respondent was provided for by a contract between the parties in the form of the stipulation attached thereto. There was absolutely no other authority for the taking of it, and the question of its admissibility is to be governed wholly by its terms and not by the statute nor by the rules of court. (*People* v. *Grundell,* 75 Cal. 301, 17 Pac. 214; 20 Ency. of Pl. & Pr. p. 607.) The depositions were not taken as re-

quired by the stipulation, and hence were inadmissible. (13.
Cyc. 916, 917; 6 Ency. of Pl. & Pr., p. 524; Weeks on Law of
Depositions, sec. 417; *Bowman* v. *Branson,* 111 Mo. 343, 19 S.
W. 634; *Leslie* v. *Coal Co.,* 110 Mo. 31, 19 S. W. 308.)

The court overruled the motion of appellant to require the
respondent to read in evidence all of the deposition of Isman,
or none of it, and to strike it out. This was error. (See *Bank of
Orland* v. *Finnel,* 133 Cal. 475, 65 Pac. 976.) The decision in
the above case is cited and approved by the same court in *Hodg-
kins* v. *Dunham,* 103 Pac. 351. (See, also, 13 Cyc. 983.)

*Mr. John A. Luce* filed a brief in behalf of Respondent and
argued the cause orally.

Defendant waived any objections to the manner of the taking
of these depositions by not making the objection in writing
before the first trial. He certainly waived them by allowing the
depositions to be read in evidence and using them himself. (6
Ency. of Pl. & Pr. 601, and cases cited.) The case of *Murray*
v. *Larabie,* 8 Mont. 208, 19 Pac. 574, supports the contention
of respondent. (See, also, *Casley* v. *Mitchell,* 121 Iowa, 96, 96
N. W. 725; *Bibb* v. *Allen,* 149 U. S. 481, 13 Sup. Ct. 950, 37
L. Ed. 819; *Howard* v. *Stillwell etc. Mfg. Co.,* 139 U. S. 199,
11 Sup. Ct. 500, 35 L. Ed. 147.)

A majority of the courts support the doctrine that where a
portion of a deposition is read in evidence by one party, the
most that the other party may ask is the right to read the re-
mainder. (*Morrison* v. *Wisconsin etc. Life Ins. Co.,* 59 Wis.
163, 18 N. W. 13; *Curtis* v. *Parker & Co.,* 136 Ala. 217, 33 South.
935; *Sibley* v. *American Ex. Nat. Bank,* 97 Ga. 126, 25 S. E.
470; *Watson* v. *St. Paul City Ry.,* 76 Minn. 358, 79 N. W. 308;
*Hamilton Shoe Co.* v. *Milliken,* 62 Neb. 116, 86 N. W. 913;
*Forbes* v. *Snyder,* 94 Ill. 374; *Despatch Line* v. *Glenny,* 41 Ohio
St. 166; *Calhoun* v. *Hayes,* 8 Watts & S. (Pa.) 127, 42 Am.
Dec. 275, 278; *Smith* v. *Crocker,* 3 App. Div. 471, 38 N. Y. Supp.
268; *Watson* v. *Winston* (Tex. Civ. App.), 43 S. W. 852; *Town
of Ansonia* v. *Cooper,* 66 Conn. 184, 33 Atl. 905; *Norris* v.

*Brunswick,* 73 Mo. 256; *Converse* v. *Meyer,* 14 Neb. 190, 15 N. W. 340.)

, MR. JUSTICE SMITH delivered the opinion of the court.

The complaint in this action alleges that on the ninth day of November, 1904, the defendant in writing and for a valuable consideration guaranteed the payment of the rent on a certain building in the city of New York by the tenant, to the landlord, this plaintiff; that the tenant neglected to pay the rent to the amount of $425, which sum the defendant has, after notice of the default of the principal debtor, and after personal demand on him, refused to pay. The answer admits the making of the contract of guaranty by the defendant, but denies the other allegations of the complaint. The cause was tried to the district court of Gallatin county, sitting without a jury. The court found for the plaintiff and entered judgment accordingly. An appeal has been taken from the judgment, and also from an order denying a new trial. The record shows that the cause was first tried to a jury on June 3, 1909, and thereafter proceedings were had resulting in a new trial being ordered by the district court. Apparently neither of the parties was personally present at the second trial. To maintain the issues on the part of the plaintiff, Mr. Luce, his counsel, introduced the plaintiff's deposition, and himself testified orally. No evidence was offered in defendant's behalf. Several questions are raised on appeal, but they are all extremely technical.

1. The first contention of counsel is that the deposition of the plaintiff and the testimony of his counsel, Mr. Luce, were improperly received in evidence, and that without such evidence the judgment is unsupported. The objection to the deposition is that it was not taken in accordance with the terms of a stipulation authorizing it. The stipulation provides that the depositions of two witnesses, Oscar T. Roberts and Felix Isman, the plaintiff, shall be taken before Frank Hoffman, a notary public, at his office, No. 49 Wall street, New York City, on the thirtieth day of January, 1909, between the hours of 10 o'clock A. M.,

and 4 o'clock P. M. of that day, and, if not completed on that day, "may be continued from day to day thereafter and over Sundays, at the same place until completed." The caption of the deposition recites: "Be it remembered that pursuant to the stipulation hereto annexed, and on the thirtieth day of January, 1909, and thereafter at the hearings adjourned from day to day, at my office in New York City, before me, Frank Hoffman, a notary public * * * personally appeared" the two witnesses. The certificate of the notary reads as follows:

"State of New York, ⎫
City and County of New York, ⎬ ss.

"I, Frank Hoffman, a notary in and for said county of New York, do hereby certify that the witnesses, Oscar T. Roberts and Felix Isman in the foregoing depositions named, were by me duly sworn to testify the truth, the whole truth and nothing but the truth in said cause; that said depositions were taken at the time and place mentioned in the annexed stipulation, to-wit, at my office in said city of New York, county of New York, in the state of New York, and on the 30th day of January, 1909, between the hours of ten A. M. and twelve M. of that day, and thereafter at hearings adjourned from day to day, to-wit, on the 2d day of March, 1909, between the hours of two P. M. and three P. M. and on the 3d day of March, 1909, between the hours of eleven A. M. and twelve M. That said depositions were reduced to writing by me, and when completed were respectively by me carefully read to each of said witnesses, and, being by him corrected, was by him subscribed in my presence.

"In witness whereof, I have hereunto subscribed my name and affixed my seal of office, this 10th day of March, 1909.

"[Notarial Seal]          FRANK K. HOFFMAN."

We think the depositions were taken in substantial compliance with the stipulation.

2. The following question was propounded to the plaintiff on direct examination at the time his deposition was taken: "Q. Examine an indenture handed you, dated the ninth day of November, 1904, a lease between Felix Isman and George V.

Mauley, and state whose signatures are attached thereto.  A.  I executed the lease and my agent witnessed the signature of the lessee, George V. Mauley, both of which signatures appear on the lease.''  At the trial the defendant objected to all of this answer after the word ''lessee,'' upon the ground ''that the answer shows upon its face that the witness does not know whether or not Mauley signed the lease, his signature having been witnessed by the agent of the plaintiff and not by the plaintiff himself.''  We are unable to determine whether this objection properly interprets the answer of the witness.  It is not clear that the witness was not present when Mauley signed the lease.  But the matter is immaterial.  The answer admits that Mauley hired the premises from the plaintiff for a term of two years and ten months from the first day of December, 1904.  Defendant, in his correspondence with plaintiff's agents after Mauley's default, did not deny that Mauley was plaintiff's tenant, or that he (defendant) had guaranteed the payment of the rent.  Mr. Luce testified without contradiction that on June 3, 1909, the date of the first trial, the defendant stated to him in the courtroom at Bozeman that ''the signature to the guaranty was his signature; that he was familiar with the signature of George V. Mauley, and saw him sign the lease and was present when it was executed.''  Mr. Luce also testified that at the first trial it was admitted by counsel for the defendant that the paper writing offered in evidence ''was the lease in this case.''  We find no error in the action of the district court in overruling the objection.  The same may be said of defendant's objection to interrogatory No. 4 propounded to the plaintiff.

3. The court overruled a motion of the defendant to require the plaintiff to read in evidence all of his own deposition or none of it, and to strike so much of it as had already been read. The ruling is assigned as error.  The part of the deposition which was read included all of the direct examination except one question and answer.  That question was: ''State whether or not the defendant has ever paid said sums or any part thereof, under his guaranty?  A.  He has not.''  The cross-

examination was not read to the court. It consists of testimony to the effect that he himself was a lessee of the premises in question, under a long-time lease; that the premises were unoccupied after Mauley abandoned them, up to the time of the expiration of his lease, despite the efforts of the plaintiff to re-lease the same; and that personal demands had been made upon Mauley for the rent in arrears without result. As the testimony omitted was all in plaintiff's favor, we fail to see how defendant was prejudiced by the fact that it was not read, whatever may be the rule as to reading all of a deposition.

4. It is claimed that the testimony of Mr. Luce should not have been received, for the reason that its offer involved an attempt to "introduce evidence adduced and recorded on the former trial of the case and inadmissible, for the reason that no showing had been made justifying its introduction on the second trial; there being no sufficient reason adduced to show why the witness Altenbrand himself could not be present to testify." The answer to this contention is that Mr. Altenbrand was a party to the action, and anything he had previously said, either on or off the witness-stand, which was relevant and material to the controversy, was admissible in evidence against him. (*Johnson* v. *Butte & Superior Copper Co.,* 41 Mont. 158, 108 Pac. 1057; 30 Cyc. 1283.)

5. It is contended that the plaintiff failed to prove that the amount claimed was unpaid by defendant at the time of the second trial. Mr. Luce, however, testified that on the day of the first trial the defendant admitted to him "that he had not paid any part of the $400 claimed to be due from this lease." While the witness does not say so, we learn from the form of an objection interposed to this testimony at the second trial that the admissions were made by Mr. Altenbrand while a witness at the former trial. This being so, there is no merit in the contention that proof of nonpayment by him was not made at the second trial. The solemn admission of the defendant, while a witness at the first trial, that the sum was unpaid, was of the same force and effect as an admission in his pleadings; and it

is not to be supposed that after such an admission the duty would devolve upon the plaintiff to produce, at the second trial, witnesses who could testify to the fact of nonpayment by him.

6. But it is contended there is no evidence in the record to show that Mauley had not paid the rent in arrears between the date of plaintiff's deposition and that of the second trial. The only testimony on this point is that at the time of the taking of the deposition, January or March of the same year, the amount had not been paid.

In *Craig* v. *Phipps*, 23 Miss. 240, the high court of errors and appeals said: "On the trial the court refused to charge the jury upon the application of the defendant, 'that, unless the plaintiff proved that the receipts had not been paid to him, he could not recover.' This charge should have been given. It was incumbent upon him to make out his case by showing a breach of the guaranty, and he was not relieved from this obligation by reason of the fact that the issue might involve the necessity of proving a negative."

This action was begun on August 14, 1908. The complaint states that on that date "the rent has not been paid to the plaintiff." On December 10, 1908, the defendant alleged that as to this averment "he is without sufficient knowledge or information upon which to base a belief and therefore denies the same." At the time his deposition was taken, the plaintiff testified: "The whole sum of $400 now remains unpaid and due me." On June 3, 1909, this deposition was read in evidence at the first trial without objection. The question presented is whether it was incumbent upon the plaintiff to prove at the second trial that the amount had not been paid by Mauley between the date of the deposition and the date of that trial. The question to be tried was: Did the plaintiff have a cause of action against the defendant at the time of filing his complaint? If he did, in the absence of a counterclaim, he ought to recover. Paragraph 2 of section 6541, Revised Codes, relating to the "Answer," subdivision "Counterclaim Defined," says: "The counterclaim * * * must be one of the following causes of action against

the plaintiff  *  *  *  and in favor of the defendant:  *  *  *
(2) In an action on contract, any other cause of action on con-
tract, *existing at the commencement of the action."* Section
6583, Revised Codes, relating to supplemental pleading, reads
as follows: ''The plaintiff and defendant, respectively, may be
allowed, on motion, to make a supplemental complaint, answer or
reply, alleging facts material to the cause occurring after the
former complaint, answer or reply."

In this case the plaintiff, on or about March 3, 1909, made
*prima facie* proof that he had a cause of action against the
defendant when he filed his complaint. No supplemental plead-
ing was filed. We are not prepared to say that such pleading
was necessary. Possibly the defendant would have been allowed
to prove, under the denials in his answer, that the debt had been
paid after issue joined, had he undertaken to do so. Even in
that event he would have been liable for costs. We have no
doubt, however, in view of the situation presented, that the
burden was upon him at the trial to overcome the *prima facie*
case made by the plaintiff in his deposition. This he did not
attempt to do. Any other rule would not only necessitate the
personal presence, at the trial, of a witness who was prepared to
give evidence of the truth of the negative averment of nonpay-
ment, but would also make it incumbent upon the plaintiff to
successively amend his complaint so as to tender an issue of
nonpayment on the very day of the trial. This he was under
no obligation to do.

7. On October 26, 1909, plaintiff filed and served his duly
verified memorandum of costs and disbursements in the cause.
Among other items of disbursements, the memorandum con-
tained the following: ''Fees of commissioner and expense of
taking depositions of witnesses Felix Isman and Oscar T.
Roberts, January 30th and March 2 and 3, 1909, $36.60." On
November 1, 1909, defendant filed a motion to have the costs
taxed by the court, which motion was as follows:

''To the above-named plaintiff and to John A. Luce, Esq., his
attorney:

"You, and each of you, will please take notice that on Saturday, the 6th day of November, 1909, at 10 o'clock A. M. of said day, or as soon thereafter as counsel can be heard, at the courtroom of said court, in the courthouse of Gallatin county, Montana, in the city of Bozeman, Montana, the defendant will move the court to tax the costs in the above-entitled action, and to disallow or reduce the item set forth in plaintiff's memorandum of costs and disbursements charging $36.60 for 'Fees of commissioner and expenses of taking depositions of witnesses Felix Isman and Oscar T. Roberts, January 30th and March 2 and 3, 1909,' upon the following grounds, to wit:

"(1) That the deposition of Oscar T. Roberts was not used upon the trial of said cause by either party, and that said deposition is wholly hearsay, as appears upon the face thereof, and inadmissible in evidence and hence not taxable as an item of costs.

"(2) That the deposition of Felix Isman is a deposition by the plaintiff in said action, for his own benefit, and the expense of the taking thereof is not properly chargeable as a part of the costs of said action.

"(3) That said depositions, and both of them, are prolix, and unnecessarily padded, in that they were taken upon written interrogatories prepared by the attorneys for the parties, under stipulation, and it appears upon the face of said depositions that said written interrogatories have been unnecessarily rewritten by the officer taking said depositions, and charged as an item of expense, all of which is contrary to the practice of this court and opposed to equity and good conscience.

"(4) That the expense of taking said depositions is not sufficiently itemized in the said memorandum of costs and disbursements, in that it is not shown in what the alleged expense, if any, consisted; that there is no memorandum of such expenses, if any, accompanying such depositions from the officer taking the same, and it is impossible to ascertain from the memorandum of costs and disbursements on file herein, or from the depositions themselves, the expense alleged to have been incurred in the taking thereof.

"(5) That the charge in the memorandum of costs and disbursements on file herein, for the expense of taking said depositions, is, upon the face thereof, exorbitant and unconscionable and illegal, for the reason that such expenses, if any, are chargeable in accordance with the law of the forum and under the law of the state of Montana governing fees of notaries public, being section 3164 of the Revised Codes of Montana, not more than $6 is an ample allowance for the expenses of taking said depositions, and both of them; whereas, plaintiff seeks to charge $36.60 as such alleged expenses.

"Said motion will be based upon the records and files in said action and upon evidence to be adduced at the hearing."

The motion was denied, and the action of the court is assigned as error. No bill of exceptions was preserved to the ruling.

It is contended by the respondent that the motion to tax the costs was a special order made after final judgment, and the inference we gain from his brief is that he claims it is therefore an appealable order. However, the question involved is properly reviewable on appeal from the judgment. (*Montana Ore Pur. Co.* v. *Boston & Mont. C. & S. Min. Co.,* 27 Mont. 288, 70 Pac. 1114.) An order taxing costs is not appealable. (*State ex rel. Boston & Mont. C. & S. Min. Co.* v. *District Court,* 32 Mont. 20, 79 Pac. 410.) Again, it is said that the matter cannot be reviewed here on account of the fact that no bill of exceptions was prepared embodying the proceedings on the motion to tax. Proper practice dictates that such a bill of exceptions should have been preserved. There is, however, in the record a so-called statement of the case, embodying the entire proceedings from the taking of the depositions to the time of settlement of the statement, including the proceedings to tax the costs. While this method of procedure involves some confusion, we think it sufficiently accurate to satisfy the general rules of practice and shall therefore consider the error assigned.

Section 7169, Revised Codes, provides that a party to whom costs are awarded in an action is entitled to include in his bill of costs, as a part of his necessary disbursements, the expenses

of taking depositions. No memorandum of fees or costs claimed by the notary is attached to the depositions. Apparently no attempt was made at the hearing of defendant's motion to tax the costs, to show that the disbursement was not a reasonable and necessary one. The verified memorandum was *prima facie* evidence that the amount mentioned was necessarily expended and the burden of overcoming the *prima facie* showing thus made was upon the defendant. (*King* v. *Allen,* 29 Mont. 5, 73 Pac. 1107; *Brande* v. *Babcock Hardware Co.,* 35 Mont. 256, 119 Am. St. Rep. 858, 88 Pac. 949.) There is nothing on the face of these depositions to show that they were unnecessarily taken, or prolix, or that good faith was not exercised by the plaintiff in seeking to procure the testimony. It is true that the testimony of the witness Roberts was mostly hearsay; but it often happens that in the conduct of trials witnesses fail to give competent or material evidence and are excused without having been of any material assistance to the party calling them. In the absence of bad faith, however, it has never been the practice to refuse to tax the mileage and *per diem* of such witnesses against the defeated party. Bad faith in such a case must be clearly shown to the satisfaction of the court. (*Gulf, C. & Santa Fe Ry. Co.* v. *Evansich,* 61 Tex. 3; *Furman & Smith* v. *Peay,* 2 Bail. (S. C.) 612.) The suggestion that the fees of the notary should be computed in accordance with the statutes of this state is without merit. It was his privilege to charge the plaintiff such sum as his services were reasonably worth under the conditions existing at the time and place of rendering them, and the sum so expended, if reasonable and necessary, was properly taxed as a part of the costs.

The cost of taking a party's deposition in his own behalf is, however, not properly taxable against his adversary. In *George* v. *Starrett,* 40 N. H. 135, it was held that where a party testifies in his own behalf, in court or by deposition, he shall not be entitled to fees as a witness. In the case of *Edwards* v. *Adams,* 2 Pa. Co. Ct. Rep. 563, it was apparently held that the costs of a commission to take in his own behalf the testimony of an absent

party were not proper items of charge in a bill of costs. (See, also, *Delcomyn* v. *Chamberlain*, 39 N. Y. Super. Ct. 359.) We think these decisions are correct in principle.

In order to finally dispose of the case without further expense or delay, we feel justified in assuming, from an inspection of the two depositions, that the services of the notary public were about equally divided between them.

The order denying a new trial is affirmed. The judgment is modified by striking therefrom the sum of $18.30, taxed as a disbursement for taking the deposition of the plaintiff, and, as so modified, it is affirmed.

*Modified and affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.