**WORK, Secretary of the Interior, et al. v. READ.**

Court of Appeals of District of Columbia.

Submitted October 10, 1927. Decided November 7, 1927.

Rehearing Denied November 26, 1927.

No. 4559.

**1. Appeal and error ⬅⟶1199—Decree, entered on mandate after affirmance without modification, cannot enlarge scope of former decree.**

Where an appellate court affirms decree of lower court without modifications, decree entered on mandate cannot enlarge scope of former decree.

**2. Appeal and error ⬅⟶1199—Final decree, entered on mandate after affirmance, held in substantial conformity with original decree, where both required same acts from defendants.**

Where original decree and final decree entered on mandate after affirmance both enjoin defendants from issuing supplemental patent, or recognizing claims to land of certain person, both restrained defendants from canceling plaintiff's forest lieu selection, and both required defendants to give full force and effect to plaintiff's selection of such land, final decree *held* in substantial conformity with original decree, so that court did not exceed jurisdiction in entering final decree.

**3. Public lands ⬅⟶31—Claim under forest lieu selection of nonmineral, unimproved, and vacant public lands held final as to Land Department.**

Where land entered by plaintiff, making forest lieu selection in Florida, was nonmineral and unoccupied, unimproved, unposted, unused, wild, and vacant public land, claim of plaintiff becomes final, so far as Land Department is concerned.

**4. Public lands ⬅⟶103(1)—That lands constituting forest lieu selection have become valuable or are claimed by others should not be considered by Secretary of the Interior.**

In suit for injunction to restrain cancellation or rejection of plaintiff's forest lieu selection of certain lands located in state of Florida, mere fact that lands have become valuable, or that they are claimed by other parties, *held* not matter for consideration of Secretary of the Interior.

**5. Public lands ⬅⟶103(4)—Adjustment of title disputes as to land constituting forest lieu selection is for courts.**

The adjustment of title disputes between conflicting claimants as to land constituting plaintiff's forest lieu selection is matter for courts of jurisdiction in which land is situated, and does not justify cancellation or rejection of such forest lieu selection by Secretary of the Interior and by Commissioner of the Land Office.

On Petition for Rehearing.

**6. Public lands ⬅⟶103(4)—Decree of Court of Appeals for District of Columbia, directing Secretary of the Interior to give effect to forest lieu selection, held authorized.**

Decree commanding Secretary of the Interior to give full legal force and effect to plaintiff's forest lieu selection of certain lands is not a decree directing issuance of patent for public lands, and Court of Appeals of District of Columbia has jurisdiction to enter such decree, as against such objection.

Appeal from the Supreme Court of the District of Columbia.

Suit by Henry T. Read, by J. Harrington Edwards, attorney in fact, against Hubert Work, Secretary of the Interior, and another. A decree for plaintiff was affirmed, and the mandate transmitted to the court below. The court below entered its permanent injunction, and defendants appeal. Affirmed.

Peyton Gordon and J. E. Laskey, both of Washington, D. C., for appellants.

C. R. Pierce, of Miami, Fla., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case was here on a former appeal. Work et al. v. Read, 56 App. D. C. 72, 10 F.(2d) 637. It is a suit for injunction, brought by appellee, Read, plaintiff below, to restrain defendants from canceling or rejecting plaintiff's forest lieu selection of certain lands located in the state of Florida. For the statement of the facts upon which the action is based, reference may be had to the former opinion.

The scope of plaintiff's bill and the relief sought, as stated in the former opinion, is "to restrain Hubert Work, Secretary of the Interior, and William Spry, Commissioner of the General Land Office, from rejecting or canceling plaintiff's forest lieu selection of certain lands in the state of Florida, and from issuing a patent therefor to one William H. Gleason, and requiring defendants to give full force and effect to plaintiff's selection,

excluding from consideration any legal title alleged to be in Gleason, his heirs or assigns."

Pursuant to the relief sought in the bill, the court entered a decree enjoining the defendants "to give full legal force and effect to the plaintiff's said selection of said land, excluding from consideration in disposing thereof the alleged title to said land to said William H. Gleason, his heirs or assigns, as prayed for in said bill of complaint." On appeal this decree was affirmed, without modification, and the mandate of this court was duly transmitted to the court below.

When the matter came on for hearing on the mandate, and plaintiff presented a form of the writ of injunction to be allowed by the court, Edward C. Finney, acting Secretary of the Interior, made an affidavit to the effect that the land in question had never been officially considered as "public land" by the land department, since the issuance of a patent to Gleason in 1878; that rights of third parties had never been considered; consequently the court should be advised that, considering it as "public land," others might be found to have rights which had originated long prior to that asserted by the plaintiff; that in the ascertainment of these facts questions of law and fact arise to be determined by the defendants; and that no precipitate action should be taken without full knowledge of the facts being before the court.

The affidavit further recited, for the court's information, that when the land was originally entered as a homestead by Gleason in 1874 it had little value; that under the department's adjudication that the lands formed a part of the original Gleason entry, and were embraced in a patent to Gleason, many persons have dealt with the land as private property "and with increasing values, until at the time the plaintiff's scrip was filed the value of the land involved in his scrip location was in the millions. The value of the scrip attempted to be laid upon this land was not in excess of $2,000." It was also alleged in the affidavit that "the Land Department has been industriously engaged in the prosecution of inquiries respecting the character of this land and other circumstances affecting the rights and the duties of the Government in the premises, to the end that it may determine the further and proper course to be pursued by it with respect to the pending litigation and the proper disposition of said land. In view of the foregoing, it is believed that a reasonable time, at least 30 days, will be required to complete the necessary investigation and to take such proper action as is advised in the premises."

On motion of counsel for the government a stay of 30 days was granted. Almost 5 months later, no showing having been made, the court entered its permanent injunction, restraining the defendants from enforcing "any or either of the certain rulings, holdings, or decisions mentioned and complained of in the plaintiff's aforesaid bill of complaint, to the extent of rejecting or canceling the forest lieu selection of Henry T. Read, known in the General Land Office as 'Gainsville 016724,' as to the north half of lot one (1) and lot two (2), section nineteen (19), township fifty-three (53) south, range forty-two (42) east, Tallahassee meridian, Florida, and shall not issue a patent to the said William H. Gleason, his heirs or assigns, for said land, or any part thereof, and that they, and both of them, shall from henceforth give full legal force and effect to the said selection of the said Henry T. Read of said land."

[1] This appeal challenges the authority of the court to enter the final decree, on the ground that it enlarges and modifies the scope of the former decree. It is insisted that the final decree, under the mandate of this court, should be the same in effect as the former decree. It is unquestionably the law that, where an appellate court affirms a decree of the lower court, without modification, the decree entered on the mandate cannot enlarge the scope of the former decree. Durant v. Essex County, 101 U. S. 555, 25 L. Ed. 961; Ex parte Sibbald v. United States, 12 Pet. 488, 9 L. Ed. 1167; Perkins v. Fourniquet, 14 How. 328, 14 L. Ed. 441.

[2] We are of opinion, however, that the final decree here appealed from is in substantial conformity with the original decree as affirmed by this court. Considering the admitted averments of the bill and the view thereof expressed in our former opinion, the present decree does not enlarge the scope of the former decree, nor is it in conflict with it. Both enjoin defendants from issuing a supplemental patent to Gleason, or in any way recognizing the claims of Gleason, his heirs or assigns; both restrain defendants from canceling or rejecting plaintiff's forest lieu selection; and both require defendants to give full legal force and effect to plaintiff's selection of said land. The reason for requiring defendants in both decrees to give full legal force and effect to plaintiff's selection, and requiring them to exclude any consideration of the alleged title in Gleason, his heirs or assigns, is quite apparent. It appeared from the record, and was considered at length in our former opinion, that one Whitten, a grantee of Gleason, had asserted claim to the land, and the Secretary, in or-

der to make good Whitten's claim, was about to issue what he called a supplemental patent to Gleason, and this, in the face of a decision of the Supreme Court in which it was held that Gleason had acquired no title to these lands. Gleason v. White, 199 U. S. 54, 25 S. Ct. 782, 50 L. Ed. 87.

[3] Contrary to the view expressed in the affidavit of the Assistant Secretary, as to the occupation and value of the land at the date Read filed upon it and the acceptance of his filing by the Land Office, it was found in our former opinion as a fact, from the admitted averments of the bill, that, "at the time plaintiff made his entry, all of lot 2 and the north one-half of lot 1 was 'non-mineral, unoccupied, unimproved, unposted, unused, wild, and vacant public land.'" With this admission, and the claim of Whitten swept aside, as it must be, and Gleason confined to the lands originally patented to him, as he must be, the claim of plaintiff becomes final so far as the Land Department is concerned.

[4, 5] The mere fact that the lands in question have become valuable, or that they now may be claimed by other parties, is not a matter for the consideration of the Secretary. The adjustment of title disputes between conflicting claimants is a matter for the courts of the jurisdiction in which the land is situated. It was clear at the time of the former adjudication that there were no contesting claims to this land in the Land Department, subject to consideration under the public land law. After the mandate of this court went down, time was accorded the department, at its own request, to make additional showing, if any such claims existed. No showing was made; hence the final decree. As we said in the former case, we repeat now, the discretion of the Secretary is exhausted, and there is nothing left for him to do but to issue a patent to the plaintiff as required by law.

The decree is affirmed, with costs.

On Petition for Rehearing.

PER CURIAM. [6] A petition for rehearing has been filed in this case on the ground that this court is without jurisdiction to direct the entry of a decree requiring the Secretary of the Interior to issue a patent for public lands while the legal title to the lands remains in the United States. The decree in this case does not direct the Secretary to issue a patent for the lands in question. It commands him "to give full legal force and effect to plaintiff's selection." This is based upon the admission of the averments of the bill sustaining the conclusion that, from the admitted facts, plaintiff was entitled to an order restraining the Secretary from canceling his selection for the purpose of issuing a supplemental patent to Gleason, his heirs or assigns.

True, we said in our opinion, after considering the sweeping admissions in this case, that "the discretion of the Secretary is exhausted, and there is nothing left for him to do but to issue a patent to the plaintiff, as required by law." This statement, however, as the decree itself, is based upon the record. There is nothing in the decree which estops the Secretary from exercising lawful discretion in the further consideration of plaintiff's selection, should there be information in the possession of the department, not disclosed in the present record, that would justify such action. The decree speaks for itself, and merely restrains the Secretary from using the Gleason entry as a basis for canceling the selection. Of course, the opinion and decree deal only with matters appearing in the record, in which, it may be suggested, the government, by electing to stand on its motion to dismiss the bill, a course for which the court is not responsible, quite effectively conceded itself out of court.

The petition is denied.