READ v. WORK, Secretary of the Interior, et al.

Court of Appeals of District of Columbia. Submitted March 8, 1929. Decided April 1, 1929.

Motion to Stay Mandate Granted, under Rule 24, April 12, 1929.

No. 4734.

Patrick H. Loughran, of Washington, D. C., and Chas. R. Pierce, of Miami, Fla., for appellant.

E. O. Patterson and O. H. Graves, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case has been here on two former appeals. Work et al. v. Read, 56 App. D. C. 72, 10 F.(2d) 637; Work v. Read, 57 App. D. C. 312, 23 F.(2d) 139.

The present appeal is from a decision of the Supreme Court of the District denying plaintiff Read's motion for a supplementary order directing the Secretary of the Interior and the Commissioner of the General Land Office to refrain from proceeding to take testimony respecting the validity of plaintiff's forest lieu selection of the north half of lot 1 and lot 2, of section 19, township 53 S., range 42 E. T. M., Florida. The Secretary in considering the case originally proceeded on the theory that the land in question was not public land of the United States, but had been conveyed by patent to one Gleason. We held that the Gleason patent did not include the lands in question, and that they were public lands of the United States at the time that plaintiff filed thereon; and that the Secretary should be required to give the plaintiff's entry full force and effect against any alleged right of Gleason or his heirs or assigns.

When the mandate from this court was certified to the court below for final decree, a controversy arose there as to the scope of the decree which the court entered. It was claimed by counsel for the Secretary that the final decree entered was not in conformity with the original decree affirmed by this court, but that it enlarged the scope of the former decree to the extent of requiring the Secretary to issue a patent to the plaintiff. It was urged on behalf of the Secretary that if this were the effect of the decree, it was an attempt on the part of the court to compel the Secretary of the Interior to issue a patent for public lands while the legal title to the lands remained in the United States. In answer to this contention we said: "Considering the admitted averments of the bill and the view thereof expressed in our 'former opinion, the present decree does not enlarge the scope of the former decree, nor is it in conflict with it. Both enjoin defendants from issuing a supplemental patent to Gleason, or in any way recognizing the claims of Gleason, his heirs or assigns; both restrain defendants from cancelling or rejecting plaintiff's forest lieu selection; and both require defendants to give full legal force and effect to plaintiff's selection of said land."

We stated in our opinion on the petition for rehearing, 57 App. D. C. 314, 23 F.(2d) 139, that the decree did not direct the Secretary to issue a patent for the lands in question. "It commands 'him 'to give full legal force and effect to plaintiff's selection.' This is based upon the admission of the averments of the bill sustaining the conclusion that, from the admitted facts, plaintiff was entitled to an order restraining the Secretary from cancelling his selection for the purpose of issuing a supplemental patent to Gleason, his heirs or assigns." We further said: "The decree speaks for itself, and merely restrains the Secretary from using the Gleason entry as a basis for cancelling the selection."

■ The Secretary, in his opposition to the motion for a supplementary order, sets forth matters which, if true, are within his jurisdiction to consider in determining whether or not plaintiff's entry shall be approved, and he seems to be proceeding now in accordance with our opinion, 57 App. D. C. 314, 23 F.(2d) 139, where we said: "There is nothing in the decree which estops the Secretary from exercising lawful discretion in the further consideration of plaintiff's selection, should there be information in the possession of the Department, not disclosed in the present record, that would justify such action." We think, from the showing made by the Secretary in opposition to the motion, that the investigation which it is proposed to conduct is well within the jurisdiction of the Secretary, since the only restraint imposed by the decree is to give plaintiff's selection full force and effect as against the alleged title of Gleason.

■ The only issue adjudicated up to the

present time is that title to the land did not pass to Gleason under his patent, and that the land is still public land of the United States. When the Secretary threatened to cancel plaintiff's selection, he was proceeding under the misapprehension that the title was in Gleason, and that it was not public land; hence the mere admission in his original answer that the land was unoccupied at the time plaintiff filed his entry, we think, would not justify the holding that he is foreclosed from further investigation of plaintiff's right to enter the land under the public land laws. This question has not been passed upon by the Department, and until the Secretary has exercised his administrative discretion, either by approval or disapproval, the lawful course of procedure in the Department is beyond the jurisdiction of the court to control. With the issue of the Gleason title determined, and the further determination that it is public land, the whole question is thrown open for investigation as if the misapprehension in the Department which led to this litigation had not occurred.

The order is affirmed with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.