**SPRAGUE et al. v. PICHER.**

District Court, D. Maine, S. D.
April 18, 1938.

Harvey D. Eaton, of Waterville, Me., for petitioner.

F. Harold Dubord, of Waterville, Me., for receiver.

PETERS, District Judge.

A petition has been filed by counsel for the plaintiffs in the above-mentioned suit asking this court to order their counsel fees and expenses, in addition to the taxable costs, to be paid by the defendant, receiver of a national bank.

The action was brought to establish a priority claim on certain bonds in the hands of the receiver. It was found by the court that the plaintiffs, in common with others in the same situation, were entitled to an equitable lien on the bonds; and, as they had been sold and the funds in the hands of the receiver augmented by the proceeds, the lien was extended to the proceeds, and, by final decree filed June 6, 1936, it was ordered that the receiver "pay to the plaintiffs $3649.65, with interest from July 30, 1935," and that the receiver "pay plaintiffs their taxable costs; and that execution issue accordingly."

The defendant appealed, and after a hearing and a rehearing in the Circuit Court of Appeals the decree of this court was, on June 1, 1937, "affirmed with costs," Ticonic Nat. Bank v. Sprague, 1 Cir., 90 F.2d 641, whereupon, a writ of certiorari having been granted by the Supreme Court, 58 S.Ct. 55, 82 L.Ed. ——, that court on April 11, 1938, filed its mandate with this court to the effect "that the decree of the said United States Circuit Court of Appeals in this cause be, and the same is hereby, affirmed with costs."

The petition for allowance of counsel fees and expenses was filed in this court on February 19, 1938.

Without intimating an opinion that, in a case like this, against the receiver of a national bank, this court has authority to order payment of counsel fees or any expenses incurred by a plaintiff in addition to the taxable costs, or that the circumstances here would justify such an order in any event, I think the petition must be denied for the obvious reason that the status of the case in this court is not that of a pending case, and this court had no authority to grant the petition. Since final judgment and appeal therefrom, the case has been pending in the other courts, and this court has had no further function to perform other than to carry out the mandate of the Supreme Court when received. The mandate from the Supreme Court simply had the effect of directing this court to carry out the mandate of the Circuit Court of Appeals, which, in turn, simply, in effect, required this court to execute its original

final decree by issuing its execution for a certain sum of money with costs of both courts. To issue the execution of this court for those sums is the limit of its power and authority. It has no discretion in the matter. It cannot do anything but carry out the mandate of the Supreme Court. This court's authority and discretion in the case ceased when it was removed to the appellate court; and now it can only follow the directions of that court as required by the Supreme Court.

The leading case on this point seems to be Sibbald v. U. S., 37 U.S. 488, 12 Pet. 488, 9 L.Ed. 1167, wherein the court says:

"When the supreme court have executed their power, in a cause before them, and their final decree or judgment requires some further act to be done, it cannot issue an execution, but shall send a special mandate to the court below to award it. 24th sect. Judiciary Act, (1 U.S.Stat. 85). Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; nor give any other or further relief; nor review it upon any matter decided on appeal, for error apparent; nor intermeddle with it, further than to settle so much as has been remanded."

It was said by Judge Putnam in this circuit, in Hubbard v. Worcester Art Museum, 1 Cir., 196 F. 871, 873:

"It is a well-settled rule that, on an affirmance or dismissal, it is not in the power of the lower court to proceed further except by the way of execution of the original judgment, or the equivalent thereof."

In re Washington & G. Railroad Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Work v. Read, 57 App.D.C. 312, 23 F.2d 139; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, 37 L.Ed. 432.

It has even been held that the trial court is without authority, after affirmance of its judgment, to tax as costs certain items omitted through oversight from costs as originally taxed. State ex rel. Boston & M. Consolidated Copper & Silver Mining Co. v. District Court, 32 Mont. 20, 24, 79 P. 410, 411.

The petition for allowance of plaintiffs' counsel fees and expenses, in addition to regular taxable costs, will have to be denied.