HAZEL MARIE DAVIS, Plaintiff and Appellant, v. G. E.
TROBOUGH, Defendant and Respondent.
No. 10214.
Submitted June 8, 1961. Decided July 19, 1961.
363 P.2d 727.

M. J. Doepker, Butte, for appellant.

J. B. C. Knight, Wade J. Dahood, Anaconda, Wade J. Da-
hood, argued orally for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment of nonsuit entered by
the trial judge of the district court of Deer Lodge County.
The plaintiff, appellant herein, instituted a malpractice action
against the respondent, Dr. G. E. Trobough. The appellant
alleges in her complaint that on or about December 11, 1956,
she was injured in an automobile accident and that she em-
ployed the services of the respondent as a physician and sur-
geon to care for and treat her by reason of the injuries she

had sustained. Appellant was brought to St. Ann's Hospital at Anaconda, Montana, where she remained for several days.

The record and exhibits disclose that the respondent carefully examined appellant, had X-rays taken of the portions of her anatomy where she stated she had pain and that serology tests were had. After the respondent had determined what treatment was indicated for appellant, he prescribed among other things, cold packs and warm packs on the right leg and ankle of the appellant. It is undisputed that the nurse in charge of the surgical ward was an employee of St. Ann's Hospital and was not an employee or agent of the respondent.

Respondent testified without contradiction "I had no direct control, no, over what was done by the nurses * * *."

On the following morning the respondent was informed by the Sister Supervisor that the appellant had a small burn or irritation on the back of the calf of the right leg which area was blistered and was about the size of a dollar

The cause was tried before the Honorable Sid G. Stewart, the trial judge who granted a motion for nonsuit made by the respondent's attorneys.

From this judgment of nonsuit and the foregoing recitation of facts, the appellant appeals to this court, setting out as error the following specifications:

1. The court erred in granting the motion of the defendant and respondent for a nonsuit.

2. The court erred in entering judgment for dismissal and costs against the plaintiff and appellant.

3. The court erred in matters supplemental in its rulings and matters supplemental of the judgment herein concerning memorandum of costs filed by the defendant and respondent.

While the appellant argues earnestly that the doctrine of res ipsa loquitur applies in this case, we are forced to the conclusion from the evidence, or lack of evidence, that this doctrine is of doubtful application. It was not shown by competent expert testimony that it was a burn. Considering the acci-

dent and resulting injuries it is debatable whether the doctrine applies. It appears to us that the master servant doctrine does apply after a careful review of the testimony of the plaintiff's witnesses, Mrs. D. F. Clary and James H. Mix.

In Vonault v. O'Rourke, 97 Mont. 92, 106, 33 P.2d 535, 540, quoting from Maki v. Murray Hospital, 91 Mont. 251, 7 P.2d 228, the court observed that "The applicable doctrine of *res ipsa loquitur* furnishes prima facie evidence of any such negligence, entitling the plaintiff to have his case go to the jury, unless the circumstances are so satisfactorily explained by the defendant, as to cause the presumption of negligence to 'fade away in the face of contrary facts' (Welch v. All Persons, 85 Mont. 114, 278 P. 110, 115, or point to freedom from negligence 'with such certainty as to preclude any other reasonable hypothesis.' "

In Johnson v. Herring, 89 Mont. 420, 300 P. 535, 536, this court said that "no case should ever be withdrawn from the the jury, declared by statute to be the sole judges of the facts, unless the evidence is susceptible of but one construction by reasonable men, and that in favor of defendant, or where the evidence is in such a condition that, if the jury were to return a verdict in favor of the plaintiff, it would become the duty of the court to set it aside."

Appellant contends that the defendant is responsible for the acts of the nurse and bases his contention on the following language from Ales v. Ryan, 8 Cal.2d 82, 105, 64 P.2d 409, 420:

"A physician is answerable for the acts of another, operating jointly, for the acts and omissions of the other which, exercising reasonable diligence, he should have observed. * * * The same rule would apply to nurses working under his direction."

There, however, the failure of the nurses to count the sponges was during the operation and in the very presence of the surgeon operating. Certainly the surgeon has exclusive control

of the nurses in surgery and while he is there. The same is true while the nurses are with the patient in his presence. But, distinguishing between that case and the instant cause, the nurses become the temporary servants or agents of the surgeon in *charge* while the operation is in progress.

The rule is thus laid down in 70 C.J.S., Physicians and Surgeons, § 54: "A physician is not liable for the negligence of hospital or other nurses, attendants, or internes, who are not his employees, if he has no knowledge thereof, or has no connection therewith, or if it is not discoverable by him in the exercise of ordinary care, or unless he is negligent in permitting them to attend the patient."

Appellant also cites the case of Aderhold v. Bishop, 94 Okl. 203, 221 P. 752, 60 A.L.R. 137, which holds that where a hospital nurse, although not in the regular employ of an operating surgeon, is under his special supervision and control *during the operation,* the relation of master and servant exists and the surgeon is liable under the doctrine of respondeat superior for the nurse's negligence.

In the instant cause respondent had the right to assume that a registered nurse provided by the hospital had the requisite training and knowledge to perform the simple act of applying warm and cold packs to the appellant. Thus at the time of the injury, respondent did not have exclusive control of the instrumentality. It is true that the respondent was in charge of the patient and generally of the nurses who attended her but not to the extent of responsibility for routine matters performed by a nurse not selected by him but provided by the hospital. In malpractice cases such as the instant cause, the nursing staff of the hospital takes the place of the instrumentality which causes the injury. This court so held in Vonault v. O'Rourke, 97 Mont. 92, 33 P.2d 535, and Maki v. Murray Hospital, 91 Mont. 251, 7 P.2d 228.

This court in Whitney v. Northwest Greyhound, 125 Mont. 528, 533, 242 P.2d 257, 259, clearly enunciated the rule of

*res ipsa loquitur* in the following language: "The *res ipsa loquitur* doctrine simply stated is this: that when an instrumentality which causes injury, without any fault of the injured person, is under the *exclusive control of the defendant* at the time of the injury, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, then the law infers negligence on the part of the one in control as the cause of the injury." Emphasis supplied.

Appellant's final specification of error has to do with costs and disbursements, appellant contending that the deposition taken by the respondent is not a proper charge against him. Section 93-8618, R.C.M.1947, expressly provides what are costs and disbursements. Expenses of taking depositions is also therein contained.

Appellant rightly complains of three items in the memorandum of costs and disbursements.

The first item is in the sum of $72.60 for the taking of a discovery deposition of the appellant, Hazel Marie Davis.

The second item is the corrected copies of the depositions of the respondent and his witness, Mae McCarthy, in the amount of $17.50.

The final item is a stenographer's fee of $6 which should have been $3.

The first two items were either discovery depositions or depositions for respondent's benefit and cannot be charged to appellant. The third item should be $3.

Respondent's cost bill is reduced from $103.60 to $10.50. See Isman v. Altenbrand, 42 Mont. 188, 199, 111 P. 849.

Section 93-8619, R.C.M.1947, requires delivery to the clerk and service on the adverse party of a memorandum of costs within five days after the verdict. Five day period is computed from the day the court enters judgment, not from the day the court orally announces its decision. This court held in Ballenger v. Tillman, 133 Mont. 369, 382, 324 P.2d

1045, 1052, that a cost bill was filed in time when "The court made findings of fact and conclusions of law on April 18, 1955, and filed them on April 21. Judgment was signed April 28 and filed April 29.

"Plaintiff filed his memorandum of costs and disbursements on April 29  *  *  *."

The transcript in this cause reflects that service by mail was made and service was completed when the mail was deposited in the post office. Section 93-8504, R.C.M.1947. The judgment was entered by respondent on May 31, 1960. The memorandum of costs was postmarked June 5, 1960. In the computation of the time the first day is excluded. Section 90-407, R.C.M.1947. Therefore June 5 was the fifth day and service on that date met all of the statutory requirements.

The judgment of the district court is affirmed except that the cost bill is reduced to $10.50.

MR. JUSTICES ADAIR and JOHN C. HARRISON, concur.

MR. JUSTICE CASTLES specially concurring.

I concur in the result and in the opinion as it holds on the question of agency or master-servant. However, I do not concur in the discussion of the application of the doctrine of *res ipsa loquitur*.