## EHRHARDT *v.* HOGABOOM.

IN ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Submitted April 22, 1885.—Decided May 4, 1885.

In an action of ejectment for lands in California, where the plaintiff traces title to the lands from a patent of the United States issued to a settler under the pre-emption laws, oral evidence is inadmissible on the part of the defendant to show that the lands were not open to settlement under those laws, but were swamp and overflowed lands, which passed to the State under the act of September 28, 1850.

It is the duty of the Land Department, of which the Secretary of the Interior is the head, to determine whether land patented to a settler is of the class subject to settlement under the pre-emption laws, and his judgment as to this fact is not open to contestation, in an action at law, by a mere intruder without title.

The facts are stated in the opinion of the court.

*Mr. J. H. McKune* for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Field delivered the opinion of the court.

This is an action for the possession of a tract of land in Sacramento County, California, designated as the northeast

quarter of section six of a certain township, which is described. The plaintiff below, the defendant in error here, deraigns her title, through a patent of the United States embracing the demanded premises bearing date June 10, 1875, issued to one Elkanah Baldwin, a settler under the pre-emption laws, and his conveyance to her of the land patented to him. On the trial the patent and the conveyance to the plaintiff were produced and given in evidence. The defendant thereupon admitted that he was in possession of twenty acres of the tract covered by the patent, lying south of a certain fence, but contended that these twenty acres were swamp and overflowed lands, which passed to the State of California under the act of. Congress of September 28, 1850. This character of the land as swamp and overflowed he offered to prove by parol, but the offer was rejected, and, we think, correctly. He did not connect himself in any way with the title to the twenty acres. The certificate of purchase from the register of the State land office, which he produced, related to different land—to what constituted a portion of the southeast quarter of section six, whereas the land in controversy is part of the northeast quarter of that section. He was, as to the twenty acres, a simple intruder, without claim or color of title. He was, therefore, in no position to call in question the validity of the patent of the United States for those acres, and require the plaintiff to vindicate the action of the officers of the Land Department in issuing it. It does not appear that the twenty acres formed a part of any land selected by the State or claimed by her as swamp and overflowed land. A patent of the United States, regular on its face, cannot, in an action at law, be held inoperative as to any lands covered by it, upon parol testimony that they were swamp and overflowed and therefore unfit for cultivation, and hence passed to the State under the grant of such land on her admission into the Union. In *French* v. *Fyan*, 93 U. S. 169, this Court decided that by the second section of the swamp land act the power and the duty devolved upon the Secretary of the Interior, as the head of the department which administered the affairs of the public lands, of determining what lands were of the description granted by that act, and

made his office the tribunal whose decision on that subject was to be controlling. And he was to transmit a list of such lands to the Governor of the State, and at the latter's request issue a patent therefor to the State. In that case parol evidence, to show that the land covered by a patent to Missouri under the act was not swamp and overflowed land, was held to be inadmissible. On the same principle parol testimony to show that the land covered by a patent of the United States to a settler under the pre-emption laws was such swamp and overflowed land must be held to be inadmissible to defeat the patent. It is the duty of the Land Department, of which the Secretary is the head, to determine whether land patented to a settler is of the class subject to settlement under the pre-emption laws, and his judgment as to this fact is not open to contestation in an action at law by a mere intruder without title. As was said in the case cited of the patent to the State, it may be said in this case of the patent to the pre-emptioner, it would be a departure from sound principle and contrary to well-considered judgments of this court to permit, in such action, the validity of the patent to be subjected to the test of the verdict of a jury on oral testimony. "It would be," to quote the language used, "substituting the jury, or the court sitting as a jury, for the tribunal which Congress had provided to determine the question, and would be making a patent of the United States a cheap and unstable reliance as a title for lands which it purported to convey." The judgment is, therefore,

*Affirmed.*