## LE MARCHEL v. TEEGARDEN.

(Circuit Court, W. D. Arkansas, Harrison Division. September 16, 1904.)

1. PUBLIC LANDS—FINDINGS OF FACT BY LAND DEPARTMENT—REVIEW BY COURTS.

One who would attack a patent issued by the Land Department for fraud or a mistake of fact must plead and prove the evidence before the department from which the mistake resulted, the particular mistake that was made, the way in which it occurred, and the fraud, if any, which induced it, before any court can enter upon the consideration of the original issue of fact determined by the department.

In Equity. On demurrer to bill.
See 129 Fed. 487.

J. C. Floyd, G. J. Crump, and Woods Bros., for complainant.
Seawell & Seawell and J. W. Story, for defendant.

ROGERS, District Judge. The bill in this case assails a patent issued to the defendant by the United States, to which a general demurrer is interposed. The sole question raised by this demurrer

¶ 1. Conclusiveness and effect of decisions of Land Department, see notes to Hartman v. Warren, 22 C. C. A. 38; Carson City Gold & Silver Min. Co. v. North Star Min. Co., 28 C. C. A. 344; Uinta Tunnel Min. & Transp. Co. v. Creede & Cripple Creek Min. & Mill. Co., 57 C. C. A. 207.

is, under what conditions can a patent regularly issued by the Land Department of the United States be assailed in a court of equity?

I have examined with care every decision cited by counsel, but I do not deem a review of them at all important. The question of practice raised by this demurrer is so well set forth in the case of James et al. v. Germania Iron Company, decided by the Circuit Court of Appeals for the Eighth Circuit (Sanborn, J., delivering the opinion, and Caldwell and Thayer, JJ., concurring), and reported in 107 Fed. 597, 46 C. C. A. 476, that I quote the language of Judge Sanborn as authority for sustaining the demurrer.

"The Land Department of the United States is a quasi judicial tribunal, invested with authority to hear and determine claims to the public lands subject to its disposition, and its decisions of the issues presented at such hearings are impervious to collateral attack, and presumptively right. A patent to land, of the disposition of which the department has jurisdiction, is both the judgment of that tribunal, and a conveyance of the legal title to the land. Act March 3, 1849, c. 108, § 3, 9 Stat. 395; Rev. St. §§ 441, 453 [U. S. Comp. St. 1901, pp. 252, 257]; U. S. v. Winona & St. P. R. Co., 67 Fed. 948, 955, 15 C. C. A. 96, 103, 32 U. S. App. 272, 283. But the judgment and conveyance of the department do not conclude the rights of the claimants to the land. They rest on established principles of law and fixed rules of procedure, which condition their initiation and prosecution, the application of which to the facts of each case determines its right decision; and, if the officers of the Land Department are induced to issue a patent to the wrong party by an erroneous view of the law, or by a gross or fraudulent mistake of the facts, the rightful claimant is not remediless. He may avoid this decision, and charge the legal title derived from the patent which they issue with his equitable right to it, on either of two grounds: (1) That, upon the facts found, conceded, or established without dispute at the hearing before the department, its officers fell into an error in the construction of the law applicable to the case, which caused them to refuse to issue the patent to him and to give it to another (Bogan v. Mortgage Company, 63 Fed. 192, 195, 11 C. C. A. 128, 130, 27 U. S. App. 346, 350; U. S. v. Winona & St. P. R. Co., 67 Fed. 948, 958, 15 C. C. A. 96, 106, 32 U. S. App. 272, 288; U. S. v. Northern Pacific R. Co., 95 Fed. 864, 870, 37 C. C. A. 290, 296; Cunningham v. Ashley, 14 How. 377, 14 L. Ed. 462; Barnard's Heirs v. Ashley's Heirs, 18 How. 43, 15 L. Ed. 285; Garland v. Wynn, 20 How. 6, 15 L. Ed. 801; Lytle v. Arkansas, 22 How. 193, 16 L. Ed. 306; Lindsey v. Hawes, 2 Black, 554, 562, 17 L. Ed. 265; Johnson v. Towsley, 13 Wall. 72, 85, 20 L. Ed. 485; Moore v. Robbins, 96 U. S. 530, 538, 24 L. Ed. 848; Bernier v. Bernier, 147 U. S. 242, 13 Sup. Ct. 244, 37 L. Ed. 152); or (2) that through fraud or gross mistake they fell into a misapprehension of the facts proved before them, which had the like effect (Gonzales v. French, 164 U. S. 338, 342, 17 Sup. Ct. 102, 41 L. Ed. 458). If he would attack the patent on the latter ground, and avoid the department's finding of facts, however, he must allege and prove not only that there was a mistake in the finding, but the evidence before the department from which the mistake resulted, the particular mistake that was made, the way in which it occurred, and the fraud, if any, which induced it, before any court can enter upon the consideration of any issue of fact determined by the officers of the department at the hearing. U. S. v. Northern Pacific R. Co., 95 Fed. 864, 870, 882, 37 C. C. A. 290, 296, 308; U. S. v. Atherton, 102 U. S. 372, 374, 26 L. Ed. 213; U. S. v. Budd, 144 U. S. 154, 167, 168, 12 Sup. Ct. 575, 36 L. Ed. 384; U. S. v. Mackintosh, 85 Fed. 333, 336, 29 C. C. A. 176, 179, 56 U. S. App. 483, 490; U. S. v. Throckmorton, 98 U. S. 61, 66, 68, 25 L. Ed. 93; Marquez v. Frisbie, 101 U. S. 473, 476, 25 L. Ed. 800; Steel v. Refining Company, 106 U. S. 447, 451, 1 Sup. Ct. 389, 27 L. Ed. 226; French v. Fyan, 93 U. S. 169, 172, 23 L. Ed. 812; Earhardt v. Hogaboom, 115 U. S. 67, 69, 5 Sup. Ct. 1157, 29 L. Ed. 346; Heath v. Wallace, 138 U. S. 573, 575, 11 Sup. Ct. 380, 34 L. Ed. 1063; Barden v. Railroad Co., 154 U. S. 288, 14 Sup. Ct. 1030, 38 L. Ed. 992."

The bill in this case, so far as I can judge from its allegations, does not rest upon the first ground, but solely upon the second. Resting upon that ground, the bill is defective, in this: that it fails to "allege and prove not only that there was a mistake in the finding, but it also fails to allege and prove the evidence before the department from which the mistake resulted, the particular mistake that was made, the way in which it occurred, and the fraud, if any, which induced it." This is absolutely essential in a bill of this character. The demurrer is therefore sustained, and leave is given the complainant until the rule day in November, 1904, in which to amend his bill. If more time is required for that purpose, leave can be had by applying to the court when in session.