**CENTRAL UNION TRUST CO. OF NEW YORK et al. v. MARTIN, Governor of Florida, et al.**

(District Court, S. D. Florida. April 14, 1925.)

No. 345.

1. **Public lands 103(4)—Courts may not decide questions pending before Land Department.**

Courts may not take cognizance of and decide questions committed to Land Department by Congress prior to decision of question submitted to it by the acts, except in exceptional cases.

2. **Public lands 103(4)—Court will not decide right to patent under land scrip where question is before Land Office.**

Court will not decide question of whether land can be taken for certain land scrip and whether patent will issue where such question is before and has not been decided by Land Office, on application for patent.

At Law. Action by the Central Union Trust Company of New York and others against John W. Martin, as Governor of Florida, and others, as Trustees of the Internal Improvement Fund of Florida, and Willis M. Wilson. On motion of defendant Wilson to dismiss bill of complaint as to him. Motion granted.

Shutts & Bowen, of Miami, Fla., for complainants.

Fred R. Hocker, of Ocala, Fla., for defendant Wilson.

CALL, District Judge. This cause comes on for a hearing upon the motion of the defendant Willis M. Wilson to dismiss the bill of complaint as to him, upon the ground, among others, that it appears from the bill that the matter sought to be adjudicated as to this defendant is before the Land Office and not yet decided by that department of the government.

The allegations of the bill as to this defendant show that he is an applicant before the Land Office for a patent to a portion of the lands involved in the suit, under certain land scrip held by him, and the question of whether the land can be taken for said scrip and whether a patent will issue is as yet undecided by that office.

[1, 2] Under this showing it seems to me that the decisions in the Supreme Court, wherein this question is involved, clearly sustain the contention of the defendant. The principle, as I understand the decisions, is that courts may not take cognizance of and decide the questions committed to the Land Department by Congress prior to a decision of the question submitted to it by the acts, except in exceptional cases, of which the present case is not one. Among the cases deciding this principle are Ehrhardt v. Hogaboom, 115 U. S. 67, 5 S. Ct. 1157, 29 L. Ed. 346; Humbird v. Avery, 195 U. S. 480, the opinion by Mr. Justice Harlan at page 498 et seq., 25 S. Ct. 123, 124 (49 L. Ed. 286); Oregon v. Hitchcock, 202 U. S. 60, the opinion by Mr. Justice Brewer, page 68, 26 S. Ct. 568, 569 (50 L. Ed. 935).

The language of Mr. Justice Harlan in Humbird v. Avery, supra, is peculiarly applicable to this case.

It does not seem to me that the Florida statute cited in complainants' brief is applicable to the question here to be decided on this motion.

The motion will be granted.