## UNITED STATES v. CENTRAL PAC. RY. CO.

### No. 1822.

District Court, N. D. California.

May 3, 1928.

Geo. J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal.

Frank Thunen, of San Francisco, Cal., for respondent.

BOURQUIN, District Judge.

A press of causes and brevity of time forbid detailed comment, and is no reason why busy trial courts should decide other than as juries and their brief verdicts. Accordingly, the court finds for defendant.

Briefly, in the early 60's the land involved was by plaintiff granted to defendant if not mineral in character. It was an odd section within the place limits of the grant. For nigh 75 years the land has been subjected to the investigations of prospector-miners, and no gold or other valuable minerals discovered. So clear is this that plaintiff's counsel admitted the fact in argument, but contends that there is reasonable hope and expectation to find gold therein. That does not suffice. The test is, when the patent issued to defendant in 1923, was the land known to be valuable for minerals, and more valuable therefor than for any other purpose; and the land very valuable for timber and not valuable for minerals, this land fails to affirmatively meet the test. Theories, hopes, and dreams of the eternally optimistic prospector cannot defeat a solemn grant by act of Congress, and patent over the great seal of the United States.

The issue is the character of the land, and this court is competent to and ought to decide it without for any irregularity referring

the matter back to the land department—contrary to plaintiff's contention.

The case is not like Germania, etc., Co. v. U. S., 165 U. S. 379, 17 S. Ct. 337, 41 L. Ed. 754. In that case there were pending contests in the Land Office when it inadvertently issued patent. In this, were none such. All issues had by the Land Office been adjudicated, and the patent was issued with knowledge and intent. Whatever any the falsity in the affidavit filed is immaterial in the circumstances. See U. S. v. Ry. Co. (D. C.) 1 F.(2d) 53, 55, affirmed Filcher v. U. S. (C. C. A.) 7 F.(2d) 519; U. S. v. Dougherty (D. C.) 277 F. 451, 454.

Decree accordingly.