**UNITED STATES v. SOUTHERN PAC. R. CO. et al.**

**No. I–116.**

District Court, S. D. California, C. D.

Oct. 2, 1930.

Samuel W. McNabb, U. S. Atty., and Emmett E. Doherty, Asst. U. S. Atty., both of Los Angeles, Cal.

Frank Thunen, of San Francisco, Cal., for defendant Railroad Company.

JAMES, District Judge.

This action was brought by the United States to obtain a decree vacating patent issued to the Southern Pacific Railroad Company covering eighty acres of land, being the east one-half of the northeast one-quarter of section 35, township 3 south, range 10 east, S. B. M., the same being located in this judicial district. The land had been selected by the defendant as indemnity land under its grant allotment. The railroad company listed the land as of nonmineral character, which met the requirement of the act of Congress which excludes mineral land from appropriation under grant allotments. Before patent was issued, the Land Office directed a contest to be instituted before the local land officers, to determine whether the land was in fact nonmineral. The defendant had notice of the hearing before the register and receiver, and produced witnesses at the hearing who gave testimony opposed to that presented by witnesses called by the government.

It was determined by the register and receiver that the land was mineral in character, and recommendation was made to the Land Office that the defendant's selection be canceled. An appeal was taken by the railroad company, which appeal was pending at the time patent was issued.

The patent was issued inadvertently and wholly through the error of a clerk in the Land Office, who improperly certified to his superiors that the land was clear and subject to patent. The rule of the Land Office was that no patent should issue where there was pending any contest. The clerk was well advised of that rule, as he testified, and explained that he made the certification without knowing of the proceeding wherein the mineral character of the land was brought into question. The error was not noted by either the Land Office or the railroad company for some considerable time, for the latter proceeded to prosecute its appeal from the decision of the register and receiver, both before the Commissioner of the General Land Office and before the Secretary of the Interior. The oversight was apparently due to the fact that the clear list as certified by the clerk contained a number of other items which properly appeared as free from contest, hence the inclusion therein of the small parcel escaped notice.

The date of the patent was January 20, 1921, and a final decision on the appeal was made by the Secretary on August 26, 1921. Following that decision, which confirmed the findings of the register and receiver, the railroad company was called upon for a reconveyance of the land, which it declined to make.

The case, as to the error committed, was not one where the officers of the Land Department had, with correct knowledge as to their records and full intent so to do, issued a patent. It is not pretended on the part of the defendant that, had it not been for the negligence of the clerk in the Land Office in certifying as clear, land which ought not at the time to have been so certified, the patent would have been issued. To be sure, as is stated in the briefs, the Land Department might have dismissed the contest proceedings and issued the patent, but it neither did that, nor had it any intention so to do.

But, it is argued, regardless of the inadvertent issuance of the patent, the defendant should have a decree in its favor because the evidence heard before the register and receiver was not sufficient to make a case in support of the government's claim that the land was mineral and not subject to selection under the railroad grant. Assuming that the proceedings, taken in the contest matter after the date the patent was issued, were of no effect because of an ousting of jurisdiction of the Land Department, still I am of the opinion under the decisions that the court cannot enter upon a review of the evidence given in the contest proceeding. In railroad grant cases the government is authorized at any time before the patent is issued, to question the right of the railroad company to make the selection, on the ground that the land is in fact mineral, and to be excluded from selection for that reason; and the decision of the Land Department is final and conclusive as to the facts. Barden v. Northern Pacific R. R. Co., 154 U. S. 288, 14 S. Ct. 1030, 38 L. Ed. 992; Wyoming v. United States, 255 U. S. 489, 41 S. Ct. 393, 65 L. Ed. 742. Authorities holding that where everything has been done by a claimant which he is required to do, and nothing appears of record to bar a patent, the issuance thereof may be compelled, I do not believe have any application to the facts involved in this case.

The right of the United States to maintain a suit to vacate the patent issued through error and mistake is sustained in Germania Iron Co. v. United States, 165 U. S. 379, 17 S. Ct. 337, 41 L. Ed. 754; United States v. Stone, 2 Wall. (69 U. S.) 525, 17 L. Ed. 765.

Under the conclusions I have reached, the decree should be for the plaintiff, and it is so ordered.