**SOUTHERN PAC. R. CO. et al. v. UNITED STATES.**

No. 6387.

Circuit Court of Appeals, Ninth Circuit.

July 29, 1931.

Rehearing Denied Sept. 14, 1931.

Frank Thunen, of San Francisco, Cal., for appellants.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker and Lewis M. Andrews, Asst. U. S. Attys., all of Los Angeles, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge:

This is an appeal from a decree [(D. C.) 43 F.(2d) 591] vacating a patent issued in January, 1921, to the appellants by the United States government to the east one-half of the northeast one-quarter of section 35, Township 3 south, range 10 east, S. B. & M., an 80-acre tract in Riverside county, Cal.

The trial court found that the patent therefor was issued inadvertently and through the error of a clerk in the Land Office, who certified that the land was clear and subject to patent, whereas an appeal by the appellants herein, from a decision rendered by the register and receiver of the land office at El Centro, Cal., in February, 1920, that the land in question was in fact mineral land and therefore not subject to patent, was then pending before the Commissioner of the General Land Office. In April, 1921, after the issuance of the patent, the decision of the Land Office was affirmed by the Commissioner, and on appeal to the Secretary of the Interior was again affirmed. The decision of the trial court that the government has the right to maintain a suit to vacate a patent so issued is sustained in United States v. Stone, 14 Pet. (69 U. S.) 525, 10 L. Ed. 572, and Germania Iron Co. v. United States, 165 U. S. 379, 17 S. Ct. 337, 41 L. Ed. 754.

Although the appellants had denied the allegations of the bill to the effect that the patent was issued by mistake and inadvertence, they do not now question the decision of the trial court on that issue, and for the purpose of this appeal concede that the patent was so issued. Appellants claim, however, that, inasmuch as the government has invoked the power of a court of equity to cancel the patent, the court should determine whether or not appellants have an equitable title in the land, and, if so, should deny the relief requested, thus affirming the legal title vested in appellants by the inadvertently issued patent. Appellants base their claim to an equitable title upon railroad land grants. 16 Stat. 382, and 16 Stat. 579, § 23; 14 Stat. 292, and section 3, pp. 294, 295. The land in question was selected as lieu land, and, if the land is not mineral land, the appellants are entitled to a patent therefor under the provisions of its land grant. Barden v. Northern Pacific R. R. Co., 154 U. S. 288, 312, 14 S. Ct. 1030, 38 L. Ed. 992.

It is also admitted that Congress has conferred upon the Department of Interior exclusive jurisdiction to determine whether or not land, otherwise subject to such grant, shall be excluded because mineral in character. Although the government alleged in its bill that the land in question is mineral land, and this was denied by the answer, appellants concede, as we understand it, that the court could not determine that question upon evidence adduced before it. In order to make clear the position of the appellants in that regard, we quote the following excerpt from its brief: "It may be conceded, too, that if

the record in the Department of Interior disclosed any substantial evidence that the land involved in this case is mineral in character, the court might properly decree annulment of the patent. The court could not properly hear evidence dehors the record upon the character of the lands for minerals. The reason is that the issues of fact were fully tried in the Department of the Interior, and the question is whether upon that record of facts, there was any substantial support for a ruling adverse to the grantee. Determination of the question was, as we have seen, exclusively for the Secretary of the Interior, but his authority in that regard was not an arbitrary authority. His decision must be supported by substantial evidence."

As we agree with the position of the appellants thus stated that the trial court could not properly base its decision as to the rights of appellants to the land upon evidence adduced before it as to the mineral character of the land, we will not pursue the subject further; although it should be stated in this connection that appellants cite and apparently rely upon a decision rendered May 2, 1928, by the District Court for the Northern District of California in the case of United States v. Central Pacific Railway, 52 F. (2d) 703. In that case the District Judge stated: "The issue is the character of the land, and this court is competent to and ought to decide it, without, for any irregularity, referring the matter back to the land department,— contrary to plaintiff's contention."

Appellants do not base their right to a patent upon evidence adduced before the trial court as to the nature and character of the land, but upon the claim that there was no evidence before the Land Department or the Secretary of the Interior which justified the conclusion that the land in controversy was mineral land. They do not seek to review that decision, or claim the right to have the court consider conflicting evidence adduced before the Department of Interior on that subject, but predicate their contention on the proposition that the decision of the Secretary of the Interior was purely arbitrary, for the reason, it is claimed, that there was no proof whatsoever to establish the fact that the land was mineral land. Perhaps appellants' contention can be stated in this fashion: The decision of the Land Department as to whether or not the land in question was mineral land is conclusive upon the courts, but where that conclusion is arrived at by the Secretary of the Interior, without any evidence to support it, the decision is arbitrary and will be disregarded by the courts. That is to say, if the Secretary of the Interior, without any evidence to support a conclusion that land is mineral land, decides that it is such, a court of equity, without any evidence at all upon the subject of the mineral character of the land, will decide that it is not mineral, and that the decision of the Secretary of the Interior is arbitrary, and will confirm a title in the appellants which is vested in them by mistake and inadvertence on the part of subordinates in the Department of Interior.

■■ It is unnecessary, however, upon this appeal to determine what supervisory power courts may have in case of an arbitrary and erroneous decision by the Secretary of the Interior with reference to the mineral character of land otherwise covered by railroad grants. In the case at bar the patent was issued before that question had been determined by the Secretary of the Interior in accordance with the rules and regulations of the Department. The issuance of the patent itself constituted a final determination by the Secretary of the Interior that the land was nonmineral in character. By its issuance the Secretary was deprived of jurisdiction to further consider the question of the character of the land. West v. Standard Oil Co., 278 U. S. 200, 210, 49 S. Ct. 138, 73 L. Ed. 265, citing Noble v. Union River Logging R. R. Co., 147 U. S. 165, 13 S. Ct. 271, 37 L. Ed. 123; Lane v. Watts, 234 U. S. 525, 34 S. Ct. 965, 58 L. Ed. 1440; Burke v. Southern Pacific R. R. Co., 234 U. S. 669, 686, 34 S. Ct. 907, 58 L. Ed. 1527. The effect of vacating the patent is to restore to the Secretary of the Interior the jurisdiction conferred upon him by Congress to determine the character of the land, of which he was deprived by mistake and inadvertence. These principles, we think, are fully established by the case of Germania Iron Co. v. United States, 165 U. S. 379, 17 S. Ct. 337, 41 L. Ed. 754, supra.

Appellants seek to escape the force of this decision by pointing out that the Supreme Court in the Germania Case was considering a situation where there was pending an undetermined controversy between third persons as to the character of the land involved in the controversy, and that in such a case, as jurisdiction over the controversy was vested by Congress in the Secretary of the Interior, it was proper and essential to restore that jurisdiction in order that the controversy might be decided by the proper tribunal. It is claimed that in the case at bar the controversy is one between the United States

and its grantee, and that it is therefore unnecessary to restore jurisdiction to the Secretary of the Interior to determine the character of the land where he has already determined it arbitrarily and without evidence. The difficulty with this contention, as we have already pointed out, is that the decision of the Commissioner of the Land Office and the Secretary of the Interior, after the issuance of the patent, were of no force and effect. If the patent had issued by inadvertence after the decision by the Commissioner and by the Secretary of the Interior that the land was in fact mineral land, the record would present the question which appellants seek to have determined here, namely, whether or not the court should determine in such a case whether the decision of the Secretary of the Interior was arbitrary and that the equitable title to the land was in the appellants. The question here is whether or not jurisdiction shall be restored to the Secretary of the Interior by the vacating of the patent inadvertently issued, so that he may proceed according to the rules and regulations of the Department to determine the question which was pending on the appeal of the appellants from the decision of the Register and Receiver of the Land Office.

The equitable title of the appellants in and to the land in question depends entirely upon whether or not the land in question is mineral land. If it is mineral land, appellants have no right whatever thereto; but, if it is not mineral land, appellants' equitable right was established by the selection of the land in accordance with the acts of Congress and the regulations of the Land Department. It seems to be conceded that the court cannot determine the question as to whether the land is mineral or nonmineral, and, if this is true, it is apparent that it cannot decide whether the appellants are equitably entitled thereto. Whatever may be the power of a court to correct an arbitrary and unwarranted decision of the Secretary of the Interior, it is clear that it cannot be invoked in this case, where, by reason of the inadvertent issuance of the patent, the question has not been authoritatively determined by the Department of the Interior. The court ought not to exercise jurisdiction, if any it has, to determine the rights of the parties in the land until a final determination by the Department with reference to the character of the land is rendered.

It has been held in deportation cases that, where parties have a right of appeal from a decision of the immigration authorities to the Secretary of Labor, that right must be exhausted before application is made to the courts for relief by habeas corpus upon the ground that the decision is arbitrary. By clear analogy, appellants ought not to be heard here to question the decision of the Register and Receiver of the Land Office upon the ground that such decision is arbitrary until they first have exhausted their remedies by appeal in the Department of Interior. See Brown v. Hitchcock, 173 U. S. 473, 19 S. Ct. 485, 43 L. Ed. 772; Sage v. United States (C. C. A.) 140 F. 65; United States v. Reese (C. C.) 166 F. 347; Central Union Trust Co. of N. Y. v. Martin (D. C.) 5 F.(2d) 116; Wilson v. Elk Coal Co. (C. C. A.) 7 F.(2d) 112, certiorari denied 269 U. S. 587, 46 S. Ct. 203, 70 L. Ed. 426; Read v. Work, 59 App. D. C. 22, 32 F.(2d) 413, certiorari denied 280 U. S. 570, 50 S. Ct. 27, 74 L. Ed. 622. The inadvertent issuance of a patent ought not to change that rule. See Germania Iron Co. v. United States, 165 U. S. 379, 17 S. Ct. 337, 41 L. Ed. 754. They were diligently pursuing that remedy at the time the patent was inadvertently issued, thus depriving the Secretary of the Interior of the power to consider the pending appeal.

While this situation is not identical with that involved in Germania Iron Co. v. United States, supra, we think the principles therein enunciated require that the patent to the land in controversy be canceled.

It seems to be conceded by the parties hereto that the decree of the trial court is not inconsistent with further proceedings in the Department of Interior to determine the character of the land in question, and, in view of that concession, the decree is affirmed.