(No. 20232.—)

MAUD TAYLOR DAGGETT, Defendant in Error, *vs.* ARTHUR WILKINSON *et al.*—(BEN H. WATTS *et al.* Plaintiffs in Error.)

*Opinion filed October 23, 1931.*

D. T. SMILEY, for plaintiffs in error.

SANDERS, CHILDS, BOBB & WESCOTT, (DWIGHT S. BOBB, and ESTHER A. DUNSHEE, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On June 26, 1926, Maud Taylor Daggett filed a bill in the circuit court of Lake county for the partition of a tract of land known as Watts Island, in Pistakee Lake, in the southwest fractional quarter of section 4, township 49 north, range 9 east of the third principal meridian, containing 17.75 acres, except a railroad right of way across it. The defendants to the bill were John Wilkinson, Jr., Frank Wilkinson, Hilda W. Bartlett and George Packard, trustee

for Hilda W. Bartlett, (who were alleged to be tenants in common with the complainant,) and Ben H. Watts, Harold Watts and George D. Watts, who, it was alleged, claimed an interest in the land under a quit-claim deed of the county of Lake dated October 20, 1925, conveying the land to them as swamp land. It was also alleged that the Watts' had been entering the premises and removing gravel from them without the consent of the complainant and her co-tenants and without an accounting therefor and otherwise trespassing upon the premises, and the bill prayed for an accounting and an injunction to restrain further trespasses. Answers were filed by the co-tenants, except Frank Wilkinson, who was defaulted, but they raised no issue. The defendants the Watts' answered, denying the title of the complainant and her co-tenants and claiming title under their deed from Lake county and by adverse possession for more than twenty years. The cause was referred to a master, who heard the evidence and reported it with his conclusions. and recommendation of a decree as prayed. Objections of the Watts' were overruled and were ordered by the court to stand as exceptions, which were also overruled, and a decree was entered as prayed. The Watts' have sued out a writ of error.

The complainant showed title in herself and her co-tenants through a patent issued by the United States to Edwin M. Hale on February 24, 1891, and through *mesne* conveyances and inheritance. The defendants' claim of title was without foundation. In a former suit begun at the March term, 1902, of the circuit court of Lake county by Arthur Wilkinson for a partition of the premises among the predecessors in title of the complainant and her alleged co-tenants, against William Watts, the father of the plaintiffs in error, in which the plaintiffs in error, after his death, were substituted as parties, William Watts answered the bill, claiming paramount title in himself and also title by twenty years' adverse possession, and on October 9, 1922,

the court decreed that title to the property was in the Wilkinsons, the predecessors in title of the complainant in this suit and her alleged co-tenants, and that Watts and his heirs had no title thereto. This decree was affirmed in *Wilkinson* v. *Watts,* 309 Ill. 607. The title having been thus adjudicated in the defendant in error against the Watts' cannot be defeated by a possessory title in favor of the plaintiffs in error beginning to run prior to that decree, and twenty years not having run since the decree there could be no evidence of such a possessory title. *Bradish* v. *Grant,* 119 Ill. 606; *Oberein* v. *Wells,* 163 id. 101; *Converse* v. *Dunn,* 166 id. 25; *Busby* v. *Maus,* 294 id. 401.

The plaintiffs in error in their reply brief, referring to the former case of *Wilkinson* v. *Watts, supra,* state that the same questions that are now before the court were not determined adversely to the plaintiffs in error or their deceased father in that case because of the fact that the record that was before this court at that time was not sufficient for a final determination of the points involved for lack of evidence that it was necessary to show in the case; that the decree in that case was founded upon the record that was made in that particular case, and the evidence did not affirmatively show the subdivision of forty acres was not swamp land, and that did not preclude the plaintiffs in error from showing that it was swamp land in this case because no effort was made to show this proposition in the first case. The questions that are now before the court on the issue of possession were actually determined by the court in that case and are not open to further consideration in this case, and no evidence can be heard to dispute the conclusion announced in that case.

The defendant in error has the paramount title through a patent from the United States. The plaintiffs in error claim the title through the deed of the county of Lake, made in 1925. They contend that the land is "swamp and overflowed lands, made thereby unfit for cultivation," the

title to which by the act of Congress of September 28, 1850, was vested in the State and was by the legislature vested in the county. There was no evidence that the Secretary of the Interior had determined that the land was swamp and overflowed land. Had he done so that determination would have been conclusive. (*State of Illinois* v. *New,* 280 Ill. 393.) The plaintiffs in error undertook to show by the evidence of witnesses who had been acquainted with the land for many years that the land actually was swamp and overflowed land. It has been held that where the Secretary had failed to determine that the land was swamp and overflowed land, the fact that it was such land may be proved by any witnesses whose personal knowledge would enable them to testify as to the character and condition of the land. (*Wabash, St. Louis and Pacific Railway Co.* v. *McDougal,* 113 Ill. 603.) A determination of the Federal government, by the Secretary of the Interior as head of the land department, that the lands were swamp and overflowed lands, or that they were not, was a determination of a question of fact by a tribunal specially authorized and empowered to determine such fact and is conclusive except in a direct attack for fraud or mistake. (*State of Illinois* v. *New, supra; Bristol* v. *Carroll County,* 95 Ill. 84; *French* v. *Fyan,* 93 U. S. 169; *Burfenning* v. *Chicago, St. Paul, Minneapolis and Omaha Railway Co.* 163 id. 321.) The Secretary of the Interior not only did not certify the land in question to be swamp land, but on February 24, 1891, found it to be land of the United States subject to entry and sale and caused a patent to be issued to the remote grantor of the defendant in error. This patent of the United States, regular on its face, cannot be held inoperative as to any lands covered by it merely upon parol evidence that they were swamp and overflowed lands, made thereby unfit for cultivation, and therefore passed to the State under the grant of such lands by Congress to the States. *Ehrhardt* v. *Hogaboom,* 115 U. S. 67; *McCormick*

v. *Hayes,* 159 id. 332; *Chandler* v. *Calumet and Hecla Mining Co.* 149 id. 79.

The decisions of the Supreme Court of the United States in cases of this character are final and conclusive, and we therefore hold that the patent in this case was not open to attack by parol evidence that the land in question was swamp and overflowed land in 1850, or for any other reason than fraud or corruption in its issue.

The decree is affirmed.
 *Decree affirmed.*