Blanche J. SIMMONS, Administratrix of the Estate of Croner G. Simmons, Deceased, Appellee,

v.

Evva Gertrude KING, Administratrix of the Estate of Anderson J. King, Deceased, Appellant.

No. 9307.

United States Court of Appeals Fourth Circuit.

Argued April 13, 1964.

Decided June 10, 1964.

Willis Smith, Jr., and Henry A. Mitchell, Jr., Raleigh, N. C. (Smith, Leach, Anderson & Dorsett, Raleigh, N. C., on brief), for appellant.

John V. Hunter, III, and Howard E. Manning, Raleigh, N. C. (Manning, Fulton, Skinner & Hunter; and Young, Moore & Henderson, Raleigh, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BRYAN, Circuit Judges.

SOBELOFF, Chief Judge.

This litigation stems from a collision between a tractor trailer driven by Anderson J. King, appellant's decedent, and a delivery truck driven by Croner G. Simmons, appellee's decedent. In the collision Simmons was killed and his widow, as administratrix of his estate, brought suit against King. Before the case was tried King died of causes unrelated to the accident and his widow, administratrix of his estate, was substituted as party-defendant. The issues pertain to the sufficiency of the evidence of negligence and the propriety of the substitution of King's widow as a party-defendant.

## I

The evidence as to negligence and contributory negligence was in sharp conflict. The District Court, sitting without a jury, found as a fact that King was in his tractor trailer, southbound on Route 301, when, with the apparent intention of making a left-hand turn, he entered the northbound lane in front of the northbound truck of the plaintiff's decedent. King did not first ascertain that the movement into the northbound lane could be made with safety. There was testimony by the driver of another tractor trailer travelling southward behind King that he (the witness) was about to pass on King's left; that the witness, observing King's left-hand turn signal, returned to his (the witness') original position in the southbound lane; that during the brief interval when he was in the northbound lane he did not notice the lights of any northbound traffic. From this, the defendant argued that Simmons' lights were not burning, and that the collision was occasioned by his fault.

There was testimony, on the other hand, that after the collision the panel light switch on Simmons' delivery truck was found "pulled out" or in the "on" position for the headlights, and that the lights on the vehicle had been, according to a witness, burning an hour before the accident. The District Court resolved the conflict by accepting the plaintiff's version, and found that Simmons'

180

lights were properly burning and that the collision resulted solely from the negligence of King.

We hold that there was adequate basis for the District Court's resolution of the disputed facts and, since it cannot be deemed clearly erroneous, we let it stand.

## II

■■ The second issue concerns the propriety of the court's allowing Mrs. King, as administratrix of her husband's estate, to be substituted as party-defendant in the place of her husband. Her contention is that, more than two years having elapsed before the plaintiff requested the substitution, the mandatory prohibition of Rule 25(a) (1), Fed.R.Civ. P., forbade such substitution and required dismissal of the suit. The pertinent portion of the rule states: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties * * *."[1] The District Court concluded that the defendant was estopped to raise this objection and permitted the substitution.

Reviewing the chronology of the case, it appears that the action was filed in the state court in December of 1959 and removed to the federal court the same month. King, the original defendant, died on September 11, 1960. Thereafter, his attorney gave notice on December 29, 1960, for the taking of a deposition of a witness on January 11, 1961. The defendant served interrogatories upon the plaintiff on December 19, 1961. A pretrial conference was held on September 18, 1962, and thereafter the plaintiff addressed interrogatories to the original defendant. The defendant's attorney replied on October 3, 1962, by requesting additional time to answer. Finally, on October 6, 1962, defense counsel learned that his client had died more than two years earlier. Within ten days after being advised of this fact by defense counsel the plaintiff moved to substitute Mrs. King, the administratrix, in place of the dead defendant.

In Iovino v. Waterson, 274 F.2d 41 (2d Cir. 1959), cert. denied, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960), it was held that a defendant who received service, answered the complaint, and participated in pretrial conferences without knowing of his client's death was estopped to assert the two-year limitation of Rule 25. Our case is on all fours with Iovino.

Moreover, the fact that Mrs. King had been relieved of her official status as an administratrix at the time of the substitution does not affect this result. The defendant made no objection to the substitution on this ground until the day of trial, approximately ten months after the substitution was originally proposed. Nor did the defendant advance this ground when he challenged the substitution or in the hearing that followed. The substitution was duly made after authorization by the District Court. The defendant's failure to voice this ground of objection until later constitutes a waiver of any possible complaint on that ground. See Bush v. Remington Rand, Inc., 213 F.2d 456 (2d Cir.), cert. denied, 348 U.S. 861, 75 S.Ct. 85, 99 L.Ed. 679 (1954). The District Court committed no error in its ruling on this procedural point nor in allowing recovery to the plaintiff.

Affirmed.

---

1. This rule has since been revised to permit substitution within ninety days after notification of the death of a party. See

1963 Amendment to Rule 25(a) (1), Fed. R.Civ.P.