EMMA NEGAARD, PLAINTIFF AND RESPONDENT, v. DONNA FEDA, EXECUTRIX OF THE ESTATE OF PETER M. FEDA, DECEASED, DEFENDANT AND APPELLANT. EMMA NEGAARD, PLAINTIFF AND RESPONDENT, v. THE ESTATE OF PETER M. FEDA ET AL., DEFENDANT AND APPELLANT.

Nos. 10964 11044.
Submitted February 7, 1967.   Decided March 9, 1967.
Rehearing denied March 30, 1967.
425 P.2d 79.

Habedank, Cumming & Best, Sidney, Otto T. Habedank (argued), Sidney, Baxter Larson (argued), Wolf Point, for appellant.

Tipp & Hoven, Missoula, Vernon B. Hoven (argued), Missoula, for respondent.

·MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Two separate appeals were filed in this court from the 15th Judicial District, Roosevelt County. Cause No. 10964 is an appeal from a judgment for the plaintiff in a tort action. Cause No. 11044 is an appeal from a summary judgment entered in favor of the plaintiff on a creditor's claim against the executrix of the estate and the estate. The basis of the amended cred-

itor's claim was the judgment which had been entered in the tort action.

A motion to consolidate the appeals was granted by this court. The validity of the creditor's claim is dependent upon the success or failure of the tort action.

Mrs. Emma Negaard is plaintiff-respondent in both appeals. The defendant-appellant in Cause No. 10964 is Donna Feda, executrix of the estate of Dr. Peter M. Feda, deceased. At the trial of the tort action (Cause No. 10964) Dr. Peter M. Feda was the defendant. The fact that the executrix was not substituted as defendant for some time after judgment had been entered in the tort action is an important factor and point of dispute in this appeal. The defendants-appellants in Cause No. 11044 are the Estate of Peter M. Feda and Donna Feda, as executrix thereof.

On July 12, 1962, Mrs. Negaard filed her complaint alleging that on May 22, 1961, Dr. Peter M. Feda had negligently broken her jaw while removing an imbedded wisdom tooth. On February 12, 1964, Dr. Feda died. Dr. Feda's last will and testament designated Donna Feda, his wife, as the executrix of his estate. On March 17, 1964, Donna Feda was duly appointed as executrix of the estate of Dr. Feda. On May 18, 1964, Mrs. Negaard's action against Dr. Feda was tried before District Judge Victor H. Fall, sitting without a jury. Judge Fall entered findings of fact, conclusions of law, and judgment in favor of the plaintiff.

In the findings of fact, which were filed June 19, 1964, Judge Fall made the following finding: "The defendant is now deceased. No motion to substitute the executrix of the estate of the defendant as a party to this action was made by counsel for plaintiff. As executrix of the estate of the defendant, Donna Feda was present in person, together with her counsel, Baxter Larson, Esq., Wolf Point, Montana, and Otto T. Habedank, Esq., of Sidney, Montana."

The judgment, which was filed on June 25, 1964, awarded

plaintiff damages in the sum of $14,951.57 with interest from June 18, 1964, and costs in the amount of $124.45.

On June 19, 1964, Mrs. Negaard submitted a creditor's claim against the estate of Dr. Feda in the amount of $25,000. This claim was based on the same alleged wrongful act by Dr. Feda that had been the basis of the district court action. On July 2, 1964, Mrs. Negaard submitted an amended creditor's claim against the estate of Dr. Feda in the amount of $15,076.02, which was the amount of the June 25, 1964, judgment. The amended creditor's claim was based on the judgment which had been entered in Mrs. Negaard's favor.

The $25,000 creditor's claim made by Mrs. Negaard was rejected by Donna Feda, as executrix of the estate of Dr. Feda, on October 13, 1964. On October 23, 1964, Mrs. Negaard filed suit against the estate of Dr. Peter Feda and Donna Feda, as executrix thereof, for the amount of her amended creditor's claim (hereinafter called simply the creditor's claim).

While the suit based on the creditor's claim was pending, Mrs. Negaard moved the district court which had heard her action against Dr. Feda to substitute Donna Feda, as executrix of the estate of Dr. Feda, as the defendant in the tort action. This motion was made on February 12, 1965, and granted by Judge Fall on March 15, 1965.

On March 29, 1965, Donna Feda, the substituted defendant in the tort action, filed her appeal to this Court.

On July 12, 1965, the suit against the estate based on the creditor's claim ended its district court proceedings when the district court entered an order granting plaintiff's motion for summary judgment. A timely appeal of this judgment was made to this court.

Rule 25(a) (1), M.R.Civ.P., provides:

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, to-

gether with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons, and may be served in any judicial district. If substitution is not made within a reasonable time, the action may be dismissed as to the deceased party."

The question which must be answered to determine this consolidated appeal is this: What is the result that springs from the failure of plaintiff or defendant to either comply with or utilize the provisions of Rule 25(a) (1) in a timely manner in the tort action.

At the time the judgment in the tort action was entered, the statutory time for filing an appeal was six months. Mrs. Negaard did not make the motion to substitute the executrix as defendant in the tort action until after this six month period had expired. Mrs. Negaard's counsel, at oral argument, offered no explanation for the failure to substitute the executrix as defendant at the trial or for the long period thereafter except "inadvertence." Yet, Mrs. Negaard takes the position that the appeal in Cause No. 10964 is not timely since it was not filed within the six months period as then required.

On the other hand, the executrix contends that the substitution of her as defendant went to substance and not to procedure; that substitution should not be allowed when the rights of a party are prejudiced; that a judgment cannot be amended to bind a party not given his day in court; and that the right to appeal the judgment did not accrue to her until the substitution was effected on February 12, 1965.

Counsel for Dr. Feda at the time of the trial are counsel for Donna Feda, the executrix of Dr. Feda's estate. At oral argument they admitted that they were present at the trial of the tort action with every intention of defeating Mrs. Negaard's claim. After the judgment in the tort action these same counsel continually sought additional time from Judge Fall in which to prepare, serve and file a bill of exceptions to the findings of

fact, conclusions of law, and judgment. Orders granting such additional time were made on July 1, September 4, October 21, and December 4, 1964. In fact it appears from the orders filed September 4 and October 21, that Judge Fall was under the impression that the additional time was for both the deceased defendant and his estate for the orders read in part: "IT IS ORDERED that defendant be and his estate hereby is granted forty-five (45) days in addition to the time heretofore allowed in which to prepare, serve, and file defendant's Bill of Exceptions herein * * *."

The contentions made by the executrix are completely inconsistent with her activities and the activities of her attorneys. If the executrix really desired to be a party at the trial of the tort action, she had that right under Rule 25. We can only assume that the executrix and her attorneys felt that there would be nothing gained by making the motion to substitute her as defendant. The executrix was not denied her right to appeal since again under Rule 25 she could have been substituted as defendant any time before the time for taking the appeal expired. We can only speculate as to the reason why the many extensions of time were sought from Judge Fall if the executrix and her attorneys felt that they had no right of appeal.

The executrix's brief makes the following comment and reference to authority:

"The burden of requesting a substitution of party defendant is on the plaintiff.

" 'Under Rule 25(a), the death of the defendant places on the plaintiff and not on the defendant's executor the burden of substituting the executor as a party defendant, notwithstanding that the executor, if he chooses, may move to be substituted as defendant.' Barron and Holtzoff, Federal Practice and Procedure, (Vol. 2, Section 622, page 425)."

The executrix's brief also notes that Federal Rule 25 and Montana Rule 25 are different. But even this quotation from

Barron and Holtzoff recognizes the right of the personal representative of the deceased defendant to make the motion to substitute.

The combined actions on the part of the executrix and her attorneys can clearly be construed as a waiver of whatever requirement there might have been on the plaintiff to make the motion to substitute the executrix as defendant prior to the expiration of the time for appeal.

Under the plaintiff's theory, the motion to substitute the executrix as defendant can be delayed until after the time for appeal has expired and still be proper. Under the executrix's theory, every action can be taken which leads the other party to believe that the requirement of substitution is going to be waived and then when the substitution is made, the claim can be made that it was not done in a reasonable time. Neither theory is acceptable to this court.

In interpreting Federal Rule 25, Federal Courts have held that the requirements of Rule 25 can be waived. See Simmons v. King, 4 Cir., 333 F.2d 178. Also, the doctrine of estoppel can be applied to situations where a party appears to be ignoring the other party's failure to comply with the requirements of Rule 25. See Iovino v. Waterson, 2 Cir., 274 F.2d 41.

Although we do not accept the claims of the executrix to be true when she states that she was denied her day in court because of the actions of the plaintiff, we feel that the manner in which the substitution was accomplished was improper. Therefore, we hold that the tort action must be returned to its pretrial position. Plaintiff must make the proper substitution of the executrix as the party defendant. Then, a trial on the merits of the case can be conducted with both parties being given a full opportunity to present their positions.

Each party shall bear its own costs on these appeals.

The judgments appealed from are reversed with instructions for further proceedings not inconsistent with this opinion.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN CONWAY HARRISON, concur.