EMMA NEGAARD, Plaintiff and Respondent, *v.* the ESTATE of PETER M. FEDA, *(*also known as PETER MATTHEW FEDA, also known as P. M. FEDA*)* and DONNA FEDA, as Executrix thereof, Defendant and Appellant.

No. 11484.
Submitted Sept. 27, 1968.
Decided Oct. 16, 1968.
Rehearing Denied Nov. 20, 1968.
446 P.2d 436.

48

Baxter Larson, Wolf Point, Habedank, Cumming & Best, Sidney, Otto T. Habedank argued, Sidney, Montana, for appellant.

Tipp, Hoven & Brault, Missoula, Vernon B. Hoven argued, Missoula, Montana. Amicus Curiae Jardine, Stephenson, Blewett & Weaver, Great Falls, Alex Blewett argued, Great Falls, Montana, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by defendant from a judgment in the amount of $9,470.57, in favor of a dental patient in a malpractice action. The case was tried to the court without a jury in the district court of Roosevelt County.

Plaintiff is Emma Negaard, a dental patient of Dr. P. M. Feda, the original defendant. Dr. Feda died prior to trial of this case and the executrix of his estate has been substituted as party defendant. For simplicity, Dr. Feda will be referred to as the defendant.

This case does not involve any fundamental factual dispute. In the spring of 1960 plaintiff, a 47 year old married woman who had been wearing a full set of dentures for 3 or 4 years, consulted her family doctor about a soreness in her mouth under her lower plate that was causing swelling and drainage. Her doctor advised her to see her dentist and have a wisdom tooth pulled.

On January 24, 1961, plaintiff went to see defendant at his dental office in Wolf Point. At that time defendant took five X-rays of the affected area. Two or three days later, plaintiff returned to defendant's office where she was shown the x-rays,

told that she had an imbedded wisdom tooth but was not showing any irritation from her plates, and was advised by defendant that he could not see any reason for extracting the tooth. Defendant advised her to try it for awhile to see if the problem wouldn't clear up and the seepage disappear.

On May 22, 1961, plaintiff returned to defendant's office at which time the extraction was performed. Defendant testified that he anaesthetized her locally and opened up the gum to expose the tooth. He found the tooth imbedded in the bone. He was unable to loosen the tooth from the bone by use of an elevator so he laid about a third of the buccal bone away down to the bifurcation of the crown. After doing this, he was able to loosen the tooth with the elevator and wiggle it out with a small-tipped forcep. At some time during the extraction, plaintiff's mandible was broken. As a result plaintiff was hospitalized and ultimately underwent two operations to repair the fracture.

Subsequently suit was filed, the case was tried to the court without a jury, and plaintiff was awarded judgment. This judgment was reversed on procedural grounds and remanded to the district court for further proceedings. See Negaard v. Feda, 149 Mont. 190, 425 P.2d 79.

Prior to retrial in the instant case, a pre-trial order was entered superseding the pleadings. It provided for litigation of three issues at the trial which can be paraphrased in the following manner: (1) Did defendant specially contract with plaintiff to warrant the success of the extraction? (2) Was any negligence on the part of defendant the proximate cause of breaking plaintiff's mandible? (3) Did defendant breach any duty on his part to inform plaintiff of the risks and hazards involved in the extraction of plaintiff's tooth to enable plaintiff to make ''an informed consent'' to the extraction?

Additionally, the court entered an order in advance of trial that the doctrine of res ipsa loquitur was applicable to the instant case.

By Stipulation, this case was submitted to the trial judge for decision on the basis of the transcript and exhibits in the first trial plus the deposition of Dr. Eugene J. P. Drouillard.

The trial court subsequently entered findings of fact, conclusions of law, and judgment for plaintiff. The findings of fact which are basic to this appeal can be summarized as follows: (1) that plaintiff's fractured mandible was not a consequence that would ordinarily have occurred if due care had been exercised by defendant in extracting plaintiff's tooth, (2) that defendant failed to inform plaintiff prior to the extraction that her mandible was extremely porous, atrophic and brittle or that there was insufficient buccal plate left that was thick enough to withstand the pressure that was needed to extract the tooth.

The two underlying legal issues assigned for review upon this appeal can be summarized as follows: (1) Is the doctrine of res ipsa loquitur applicable to establish negligence on the part of defendant? (2) Is the doctrine of "informed consent" available to establish liability on defendant's part?

At the outset, we note that there is no issue upon this appeal based upon breach of contract warranting success in the extraction. Although this was denominated an issue in the pre-trial order, no proof of such a contract was introduced at the trial, the judgment is not based thereon, and plaintiff concedes in her brief that this is not an issue upon this appeal.

We proceed to the first underlying issue assigned for review, viz. the applicability of res ipsa loquitur under the facts of the instant case. It is clear that absent its applicability, plaintiff has no evidence of any negligence on the part of defendant in the extraction of plaintiff's tooth. It is equally clear that the trial court based its finding of negligence in the extraction by applying the doctrine of res ipsa loquitur. Finding of fact V is quoted verbatim as follows:

"That the fracture of the right mandible of the plaintiff was not a consequence that ordinarily would have occurred or fol-

lowed if due care in the extraction of the tooth had been exercised by Dr. P. M. Feda.''

This finding of fact finds no support in the evidence in this case. All expert opinion evidence by dental witnesses at the trial is to the contrary. All four dentists called as witnesses at the trial testified that in their opinion, based upon the deposition of defendant, plaintiff, Dr. Listerud, Dr. Karleen, and their examination of plaintiff's X-rays, the procedures used by Dr. Feda on plaintiff in the extraction conformed to standard acceptable dental practice in the Wolf Point area at that time. All four further testified that the fact plaintiff's mandible was fractured in the extraction was no indication of negligence on defendant's part.

Expert dental testimony at the trial did establish that ordinarily speaking, a fracture of the mandible is not to be anticipated in pulling a wisdom tooth if proper procedure and reasonable care is exercised, but that each case presents its own situation. In plaintiff's case, a fracture was a definite possibility. Other expert opinion evidence established that although fractured mandibles do occur from the extraction of teeth, they are not common.

The gist of a malpractice action is negligence on the part of the defendant. Loudon v. Scott, 58 Mont. 645, 194 P. 488, 12 A.L.R. 1487. The mere happening of an accident, in itself, is no evidence of negligence in the ordinary negligence action. Jackson v. William Dingwall Co., 145 Mont. 127, 399 P.2d 236; State v. Bast, 116 Mont. 329, 151 P.2d 1009; Baatz v. Noble, 105 Mont. 59, 69 P.2d 579. Neither is the mere fact of injury or the occurrence of a bad result, standing alone, any proof of negligence in the ordinary malpractice action. Loudon v. Scott, supra. The law does not require that for every injury there must be a recovery of damages, but only imposes liability for a breach of legal duty by defendant proximately causing injury to plaintiff. Loudon v. Scott, supra.

What is the legal duty that defendant owed plaintiff

in the instant case? A dentist who undertakes to treat a patient assumes a duty to that patient to exercise such reasonable care and skill as is usually exercised by a dentist in good standing in the community in which he resides. Donathan v. McConnell, 121 Mont. 230, 193 P.2d 819. If a dentist possesses and uses that degree of care and skill in ministering to a patient in a given case, he is not liable to his patient even though a bad result occurs causing injury to the patient.

■ The doctrine of res ipsa loquitur is relied upon to furnish proof that defendant was negligent in the instant case. That doctrine has been defined by this Court previously in the following terms: "That when an instrumentality which causes injury, without any fault of the injured person, is under the exclusive control of the defendant at the time of the injury, and the injury does not occur if the one having such control uses proper care, then the law infers negligence on the part of the one in control as the cause of the injury." Whitney v. Northwest Greyhound Lines, Inc., 125 Mont. 528, 242 P.2d 257, quoted with approval in Davis v. Trobough, 139 Mont. 322, 363 P.2d 727.

■ The doctrine of res ipsa loquitur has no application in the ordinary malpractice case. Vonault v. O'Rourke, 97 Mont. 92, 33 P.2d 535; Loudon v. Scott, supra. However, a distinction is drawn between those malpractice cases where the question of negligence depends upon the merits of a diagnosis and scientific treatment in which cases res ipsa loquitur is not applicable, and those malpractice cases where some ulterior act or omission occurs which does not require expert opinion to discern, in which cases res ipsa loquitur is applicable. Vonault v. O'Rourke, supra. Examples of malpractice cases in the latter category are cases involving failure to protect a delirious patient from injuring himself (Maki v. Murray Hospital, 91 Mont. 251, 7 P.2d 228) or burning a patient's chest while she was under anesthetic (Vonault v. O'Rourke, supra).

■ In the instant case the question of negligence depends

on the merits of dental treatment administered by defendant. Due to the condition of plaintiff's mandible, the available alternative procedures for extraction, and the judgment decisions made by defendant in the extraction, it is necessary that expert opinion evidence be presented to throw light on the subject and determine whether or not defendant was negligent. A layman cannot look at the situation in the instant case and say that the accident would not have occurred in the ordinary course of dentistry but for negligence on the part of defendant. For these reasons, the doctrine of res ipsa loquitur is not applicable in the instant case to establish an inference or presumption of negligence on the part of defendant. This appears to be the majority view. (See annotation at 83 A.L.R.2d 234.)

Accordingly, we hold that plaintiff's claim for relief based on negligence by defendant in breaking her mandible fails for lack of proof.

We pass on to consideration of the second basis on which the district court predicated the liability of defendant, viz. the so-called "informed consent" doctrine. The district court's finding of fact IV encompasses this theory of liability and is set forth verbatim in the following language:

"That the said P. M. Feda, at no time, informed the plaintiff, Emma Negaard, of the condition of the right mandible of her jaw insofar as it being extremely porous, atrophic and brittle, and that there was insufficient buccal plate left that was thick enough to hold the pressure that was needed by the dental surgeon in the extraction of the tooth, and that without such information available to her, the plaintiff consented to the extraction of the tooth. That the direct cause of the fracturing of the mandible was the extraction of the tooth."

The gist of the "informed consent" theory of liability is that a physician is under a duty under some circumstances to warn his patient of the known risks of proposed treatment so that the patient will be in a position to make an intelligent

decision as to whether he will submit to such treatment. Plaintiff in the instant case seeks to impose a similar duty on a dentist. This question has not heretofore been presented to this Court for decision.

We consider the correct rule on "informed consent" to be as set forth in Natanson v. Kline, 186 Kan. 393, 350 P.2d 1093, 1106:

" * * * This rule in effect compels disclosure by the physician in order to assure that an informed consent of the patient is obtained. The duty of the physician to disclose, however, is limited to those disclosures which a reasonable medical practitioner would make under the same or similar circumstances. How the physician may best discharge his obligation to the patient in this difficult situation involves primarily a question of medical judgment. So long as the disclosure is sufficient to assure an informed consent, the physician's choice of plausible courses should not be called into question if it appears, all circumstances considered, that the physician was motivated only by the patient's best therapeutic interests and he proceeded as competent medical men would have done in a similar situation."

Liability of the dentist in the instant case cannot be predicated upon this doctrine. In the first place, there is no finding by the district court that Dr. Feda knew prior to or during the extraction that there was insufficient buccal plate left to withstand the pressure necessary to extract the wisdom tooth. From the record, it appears that this knowledge was a matter of hindsight following the extraction. Certainly any duty of disclosure owed plaintiff by Dr. Feda cannot encompass facts not then known by Dr. Feda. This leaves only failure to disclose the porous, atrophic and brittle nature of plaintiff's mandible on which to predicate liability under the doctrine of "informed consent".

In the second place, plaintiff must establish a standard of dental conduct with reference to what is required

in the way of disclosures in order to prevail under the "informed consent" doctrine. Whether Dr. Feda should have disclosed the porous, atrophic, or brittle nature of plaintiff's mandible to her, and the extent of disclosure of any risks involved in the extraction, is largely a matter of professional judgment. The question of what disclosure of risks incident to proposed treatment is required to be given by a dentist to his patient under given circumstances must be established by expert testimony. Aiken v. Clary (Mo.1965), 396 S.W.2d 668; Ditlow v. Kaplan (Fla.App.1965), 181 So.2d 226; Di Filippo v. Preston (Del.1961), 3 Storey 539, 173 A.2d 333; Visingardi v. Tirone (Fla.App.1965), 178 So.2d 135; Williams v. Menehan, 191 Kan. 6, 379 P.2d 292; Govin v. Hunter (Wyo. 1962), 374 P.2d 421. The standard of dental conduct required with respect to disclosure of risks incident to a proposed course of treatment is such disclosure as a reasonable dental practitioner in the community would make under the same or similar circumstances. Ditlow v. Kaplan, supra; Govin v. Hunter, supra; Natanson v. Kline, supra.

For the foregoing reasons, plaintiff's second claim for relief likewise fails.

The judgment of the district court is reversed and the case remanded to the district court with instructions to enter a dismissal.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON concur.